APPLICATION OF Doss and another.

*May 29, 1919—March 9, 1920.*

*Railroads: Highway crossings in towns: Contract with town offi-*
*cers: Apportionment of expense: Damage to property owners.*

Under sec. 1299*h*, Stats., authorizing town officials to agree with
railroad companies regarding the construction of overhead
or underground crossings, a railroad company is not liable
for any of the expenses of construction of a subway unless
it assumes such expenses by agreement with the town, and
cannot be compelled to pay damages to an abutter on the
street cut down to provide an approach to the subway.

APPEAL from an order of the circuit court for Milwau-
kee county: LAWRENCE W. HALSEY, Circuit Judge. *Re-*
*versed.*

Condemnation proceedings by the owner of certain lots
abutting on Oklahoma avenue in the town of Lake, in the
county of Milwaukee, for the recovery of damages oc-
casioned by the cutting down of the street in front of said
lots to provide an approach to the bottom of a subway un-
der the tracks of the *Chicago & Northwestern Railway*
*Company.* From an order appointing commissioners the
railway company appealed.

*R. N. Van Doren* of Milwaukee, for the appellant.

For the respondents there was a brief by *Otjen & Otjen*
of Milwaukee, and oral argument by *Henry H. Otjen.*

The following opinion was filed November 4, 1919:

OWEN, J.   This is a companion case to that entitled "In
the matter of the application of William F. Kaiser for the
condemnation of certain lands in the city of Milwaukee,"
*ante,* p. 40, 174 N. W. 714, 176 N. W. 781.  A statement
of the facts material to an understanding of this case will
be found in the report of the *Kaiser Case.*  The only dif-
ference between this case and that lies in the fact that the
lots abutting on Oklahoma avenue, which were cut down
to form the approach to the subway, are in the town of

Lake instead of in the city of Milwaukee. This seemingly trifling difference necessitates a different conclusion from that reached in the *Kaiser Case*. In the *Kaiser Case* it is held that the cutting down of the lots was for a railroad purpose, and that, as the owner of the lots had not been compensated for damages, the condemnation proceedings instituted were proper. The conclusion in the *Kaiser Case* that the taking of the lots or so much of them as lie within Oklahoma avenue was for railroad purposes, was based upon the provision of the city charter empowering the council to coerce the railway company to bring about a separation of public crossings. No such power is conferred upon towns by the statutes. The only power vested in towns to bring about a separation of grade crossings is found in sec. 1299*h*, Stats., which provides:

"Whenever any highway crosses any railroad and the supervisors of the town, trustees of the village or county board, in case of a county road, in which said highway and railroad are situated shall deem it for the best interest of the public that said highway shall be so constructed as to cross the railroad above or below the grade thereof, and agreement can be made between such supervisors, trustees or board and the owner or operator of such railroad as to the manner of constructing such crossing and doing the work necessary for its construction, they may contract together for the same; and such supervisors, trustees or board shall, after the execution of a contract therefor, assess upon the taxable property of the village, town or county, as the case may be, at the time and in the manner highway taxes are therein assessed, a tax sufficient to raise the amount required to carry out such contract on its part, which tax shall be collected at the time and in the manner other taxes are, and the money realized therefrom shall be set aside as a special fund to be used in paying for the work according to the terms of the contract as orders are drawn upon it by the proper authorities."

It will be seen that the town has no power to coerce the railway company to construct subways for streets or highways under its tracks. The only responsibility it can have

in such respect is such as it may voluntarily assume. In this case there was no contract between the railway company and the town of Lake. Assuming, however, that the terms of the ordinance of the city of Milwaukee, set forth in the *Kaiser Case,* defined the mutual responsibilities of the municipalities and the railway company, still the railway company has complied in full with the terms of that ordinance. There is therefore no foundation for the claim that the railway company is liable for damage done to the property involved in these proceedings, and they should be dismissed.

*By the Court.*—Order reversed, and cause remanded with directions to dismiss the proceedings.

A motion for a rehearing was denied, with $25 costs, on January 13, 1920.