E. WEINER COMPANY and another, Appellants, vs. FREY-GANG and another, by guardian, and another, Respondents.

*February 13—March 9, 1920.*

*Workmen's compensation: Proximate cause of death: Refusal to follow treatment prescribed by physician: Evidence: Industrial commission: Findings of fact.*

1. In proceedings for compensation for the death of an employee alleged to be due to a bruise on the shin, the defense being that the proximate cause of death was the refusal of deceased to follow the treatment prescribed by his physician, the evidence is *held* to support a finding of the industrial commission that the accidental bruise was the proximate cause of death.

2. If there is any evidence to support the award of the industrial commission it cannot be set aside.

APPEAL from a judgment of the circuit court for Dane county: E. RAY STEVENS, Circuit Judge. *Affirmed.*

The appeal is from an award of the *Industrial Commission.* At the times hereinafter mentioned Robert Freygang was in the employ of plaintiff *E. Weiner Company.* Both were under the provisions of the workmen's compensation act. On April 27 or 29, 1918, Freygang sustained a bruise to

his shin.  By May 1st the bruise had become infected, and Dr. Harder was called to treat him.  He saw him regularly two or three days in succession and once or twice thereafter. He discontinued treating him on May 6th because, as he says, Freygang refused to follow his treatment.  On May 7th Dr. Boerner was called, who caused Freygang to be removed to a hospital, where he died on May 14th.

The guardian of the minor children of the deceased filed a claim with the *Industrial Commission* for compensation. An award of $2,946.39 was made by the *Commission* against the employer and its insurer, *General Accident, Fire & Life Assurance Corporation*.  In an action brought to have said award set aside, the circuit court for Dane county entered judgment affirming the award.  From that judgment the employer and the insurance company appealed.

For the appellants there was a brief by *Lines, Spooner & Quarles* of Milwaukee, and oral argument by *Charles B. Quarles*.

For the respondent *Industrial Commission* there was a brief by the *Attorney General* and *Winfield W. Gilman*, assistant attorney general, and oral argument by *Mr. Gilman*.

OWEN, J.  Appellants contend that the testimony taken before the *Industrial Commission* conclusively shows that the proximate cause of the death of Robert Freygang was his unreasonable refusal to submit to and follow the treatment of his physician, and that there is no evidence to support the finding of the *Commission* to the effect that the injury sustained by him on the 27th or 29th day of April was the proximate cause of his death.

The legal principles involved were recently treated in *Banner C. Co. v. Billig*, 170 Wis. 157, 174 N. W. 544, to which this case is quite similar, and need not here be restated.  The only question that need be considered is whether there was any evidence to support the finding of

the *Commission* that the accident was the proximate cause of the death. The evidence shows that on the 1st day of May Dr. Harder first called upon and treated Freygang. He found an infected abrasion of the leg. He prescribed antiseptic treatments and bandaged the wound. The doctor claims that Freygang kept the bandage on for only two days, and on the third day removed it and told the doctor that he would not use his treatment any more. He examined Freygang's leg then, and the infection had spread above the knee. He told Freygang he thought there was an abscess on the knee and that he ought to go to a hospital and have it opened up. Freygang refused to listen to his advice. Between May 1st and May 6th he called on him five times. On May 6th he made a last effort to induce him to follow his treatment, and because he would not do so he declined further to treat him. On May 7th Dr. Boerner was called and Freygang was removed to the hospital and was thereafter regularly attended by Dr. Boerner.

Appellants contend that because Freygang refused to follow the treatment prescribed by Dr. Harder the infection resulted in death, the proximate cause of which was such refusal of said Freygang and not the accident. In order to sustain this contention it must appear (1) that the undisputed evidence discloses that Freygang did unreasonably refuse to follow the prescribed treatment, and (2) that had he followed it death would not have resulted. An examination of the record convinces us that there was evidence to support a finding either way upon these two questions. While Dr. Harder testifies that he refused to follow his instructions, one Edward W. Klotz, who lived upstairs in the same house with Freygang, testified positively that he did religiously follow the treatment prescribed by Dr. Harder. Upon the second question, three physicians testified that the treatment prescribed by Dr. Harder was proper treatment and that had it been followed death probably would not have resulted. That is the most than can

be claimed for the medical testimony. We do not think that upon this testimony the *Commission* was compelled to find that had the treatment been followed death would not have resulted, which is but a corollary to a finding that the refusal of Freygang to follow the treatment prescribed by the doctor was the proximate cause of death. It is well settled that if there is any evidence to support the award of the *Industrial Commission* it cannot be set aside.

*By the Court.*—Judgment affirmed.