HARRINGTON, Respondent, vs. LEGGE, Appellant.

*May 7—June 1, 1920.*

*Physicians and surgeons: Action to recover compensation: Evidence.*

In an action by a surgeon, under an annual contract with a railroad company to treat its employees, to recover compensation for performing an operation on a railroad laborer, the evidence is *held* to establish an agreement that the laborer should pay personally for the operation, and not the railroad. OWEN, J., dissents.

APPEAL from a judgment of the circuit court for Milwaukee county: E. T. FAIRCHILD, Circuit Judge. *Affirmed.*

This action was brought in the civil court of Milwaukee county by plaintiff, a physician and surgeon, to recover for services as such.

Plaintiff was under a yearly contract with the Chicago, Milwaukee & St. Paul Railway Company to treat all injured employees of that company in and about the city of Milwaukee who came to him for treatment and who had been injured while working in the course of their employment for the railroad company, without charge to such employees individually.

Defendant testified that he had been employed as section-hand for such railroad company in its yards within the city of Milwaukee for several years, and on Thursday, May 10, 1917, while assisting other section-hands in moving a rail-

road frog, he felt a severe pain in his groin as a result of a rupture. That he was compelled to desist from heavy work for that day, but remained about the work until the usual quitting time, and went back on the two days following although not then able to perform his usual duties so far as any heavy manual work was concerned. There was evidence from some of his co-employees as to his complaining of pain at the time in question and desisting from work.

On Saturday evening he walked a considerable distance to plaintiff's office accompanied by an interpreter, a friend of his, but who died before the trial. Practically all the conversation then had was through this interpreter.

Plaintiff testified that, on defendant's stating his employment by the railroad company, plaintiff inquired as to whether or not defendant had sustained an injury while so employed. That defendant stated that he had not been so injured, but that the trouble of which he complained had been of some standing and that he had been unable to get any such slip or certificate from the foreman of the crew with which he was employed to present to plaintiff as the company's physician in accordance with the custom. That plaintiff then informed defendant that his trouble was of such a nature that it did not come within the scope of plaintiff's employment by the railroad company and that he could not look after the case on the company's account, but that if defendant was not satisfied with such conclusion as to the matter, he, defendant, might confer with the claim agent of the railroad company on the following Monday morning. That defendant then inquired as to whether or not plaintiff would look after the case as a private case and as to what it would cost. The plaintiff then told defendant that if he desired to be treated as a private patient plaintiff would perform the operation for rupture on the following Monday morning at St. Mary's hospital, to which he was accustomed to take his private patients, rather than to the hospital where operations on the railroad account were performed,

and that he would charge $50 instead of his customary charge of a larger amount, and that in addition to such sum the defendant would be required to pay the hospital expenses. That defendant then and there agreed that that should be done, returned on Monday morning, and was then taken to the hospital and there operated upon. Plaintiff took subsequent care of him while in the hospital and finally discharged him as cured on June 26th.

Plaintiff further testified that there was disclosed by the operation that the rupture was of longer standing than from the preceding Thursday, and also that if defendant's contentions as made on the trial were correct as to the manner in which the rupture was sustained, by heavy lifting, the pain would have been so severe that defendant would have been unable to do anything on the same day on which it occurred. There was testimony from another physician called by plaintiff as a medical expert to the same effect, and no medical evidence offered by the defendant to the contrary.

Defendant testified that the agreement between them was that if he had been injured by the company the operation would be free to him; that if he was injured somewhere else he himself must pay. That he was to be operated upon the following Monday, and that if it was had at his expense the plaintiff was to charge him but $30, instead of the $50 as claimed by plaintiff. That he paid the hospital bill and that the same was subsequently refunded to him by the St. Paul Railway Company, with which he made a settlement on his claim for compensation for such injury in the following August.

The case was tried in the civil court without a jury, and during the cross-examination of plaintiff the trial court said: "This whole case then really simmers down to the interpretation that should be put on the word 'injury,' doesn't it?" the plaintiff replying that the contract was not subject to any such condition or interpretation. There is nothing fur-

ther in the record to indicate the view that the trial court took as to the issue of fact to be determined in arriving at his decision that the complaint should be dismissed and judgment directed for the defendant.  From the judgment in favor of defendant, plaintiff appealed to the circuit court. The circuit court reversed the judgment of the civil court and directed the entry of judgment in favor of the plaintiff for the sum of $50, with interest and costs.  From such judgment of the circuit court the defendant has appealed.

*Raymond J. Cannon* of Milwaukee, for the appellant.

For the respondent the cause was submitted on the brief of *Frank H. Hannaford* of Milwaukee.

Eschweiler, J.  We think it clear from the record that the trial court took a mistaken view as to the real issue between the parties, and that the circuit court was correct in holding that the testimony was clear and positive that there was an agreement between the parties that the defendant was to be operated upon by plaintiff for the hernia, and for the sum of $50 to be paid by defendant personally, and that pursuant to such agreement defendant returned to plaintiff on the Monday morning rather than try to make arrangements with the claim agent of the railroad company to have the operation performed at its expense.  The judgment of the circuit court must therefore stand.

*By the Court.*—Judgment affirmed.

Owen, J. (*dissenting*).  As to the agreement between the plaintiff and defendant the defendant testified: "We agreed if I was injured by the company that I would get the operation free; if I was injured somewhere else I must pay." As to the time and manner in which he was hurt he testified:

"I was injured in the month of May, 1917, while working for the railroad company.  I was hurt while lifting a frog and then I noticed a sharp pain (indicating groin).  At the time I felt this pain I noticed something in the region of the

groin, a lump was here on the side; it was never there before; it was the first time I noticed it. I had pain when I felt that lump come out of my groin; I couldn't go no place. After I felt that, I went to the plaintiff because I knew he was the physician of the St. Paul Railroad Company."

Three witnesses testified that they were working with defendant at the time he was hurt; that "he was lifting a sixteen-foot frog to put it on a handcar, and he was hurt and they could not go with him and they left him there. He had a pain in the groin and he couldn't walk."

I do not understand why this evidence does not raise an issue as to whether defendant was injured while in the employ of the railroad company, notwithstanding the testimony of the plaintiff physician that the "rupture was of longer standing than from the preceding Thursday, and also that if defendant's contentions as made on the trial were correct as to the manner in which the rupture was sustained, by heavy lifting, the pain would have been so severe that the defendant would have been unable to do anything on the same day on which it occurred." *Banner C. Co. v. Billig,* 170 Wis. 157, 174 N. W. 544; *E. Weiner Co. v. Freygang, ante,* p. 187, 176 N. W. 781.

Defendant's testimony with reference to the agreement, above quoted, also raises an issue as to what the agreement was between plaintiff and defendant. To my mind the record presented a controverted issue of fact upon which there was evidence sufficient to sustain the findings of the trial court, and its judgment should have been affirmed by the circuit court.