APPLICATION OF SCHUESSLER: SCHUESSLER, Appellant, vs. CHICAGO & NORTHWESTERN RAILWAY COMPANY, Respondent.

*November 13—December 11, 1923.*

*Application of Doss, 171 Wis. 52, followed.*

The situation in this case being similar to that in the *Doss Case,* 171 Wis. 52, is ruled thereby, and the judgment is affirmed.

APPEAL from a judgment of the circuit court for Milwaukee county: CHESTER A. FOWLER, Judge.   *Affirmed.*

Petitioner and appellant sought damages against the respondent because of the lowering of the grade of Oklahoma avenue extending east and west and a dividing line between the city of Milwaukee and the town of Lake.   Petitioner's premises are in the town of Lake and similarly situated with those of the petitioner in the case of *Application of Doss,* 171 Wis. 52, 174 N. W. 718.   The facts are fully set forth in that case and its companion, *Application of Kaiser,* 171 Wis. 40, 174 N. W. 814, 176 N. W. 781, and for that reason are not here repeated.

The trial court held that the decision in the *Doss Case, supra,* ruled here, and dismissed the proceedings.   From the judgment of dismissal petitioner has appealed.

For the appellant there were briefs by *Otjen & Otjen* of Milwaukee, and oral argument by *C. J. Otjen.*

For the respondent there was a brief by *Samuel H. Cady* and *D. E. Riordan,* both of Milwaukee, and oral argument by *Mr. Cady.*

Eschweiler, J. In the *Doss Case,* 171 Wis. 52, 174 N. W. 718, the petition made no reference to any particular statute under which relief was there sought, here it is expressly recited that relief is claimed "under sec. 1296a," otherwise the two petitions are substantially the same.

Sec. 1296a is found in the chapter on "Highways and Bridges," and provides that the owners of land abutting on a highway, having a right to an unobstructed full-width use thereof, are entitled to due compensation from any one materially interfering with such use. This statute was not referred to in the argument or briefs or in the opinion on the first presentation of the *Doss Case.* It was, however, expressly relied upon and discussed on the motion for rehearing made by the petitioner there. It was there and then considered by the court and deemed to confer no statutory right, under the situation there disclosed, for the assessment of damages against this same respondent, and the motion for rehearing was therefore denied.

The petitioner and appellant here stands in no different or better position than did the petitioner there, and the same result must be reached.

This renders it unnecessary to determine any other questions presented.

*By the Court.*—Judgment affirmed.