by the left rear end of a large automobile coal truck which was proceeding backward over the crossing, and the left rear wheel ran upon his left foot, crushing it and inflicting serious and permanent injuries.

*Lyman A. Spalding* and *Louis H. Moos* for appellant.
*Sidney L. Teven* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HOGAN, CARDOZO, CRANE and ANDREWS, JJ. Dissenting: HISCOCK, Ch. J., and McLAUGHLIN, J. Not voting: POUND, J.

---

THE BOARD OF EDUCATION OF THE CITY OF ROCHESTER, Appellant, *v.* CLARENCE D. VAN ZANDT et al., Constituting the Board of Estimate and Apportionment of the City of Rochester, Respondents.

*Constitutional law — tax — municipal corporations — schools — moneys expended for public education included in constitutional limitation of amount to be raised by tax for city purposes.*

*Board of Education, City of Rochester,* v. *Van Zandt,* 204 App. Div. 856, affirmed.

(Argued December 11, 1922; decided January 9, 1923.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered November 18, 1922, affirming a judgment in favor of defendants entered upon a decision of the court on trial at an Equity Term. The relief sought was a declaratory judgment, pursuant to section 473 of the Civil Practice Act, that moneys raised by tax in the city of Rochester appropriated to and for the use of the board of education of said city and expended for public education are not part of the amount to be raised by tax for city purposes within the meaning of that part of section 10 of article 8 of the Constitution of the state of New York which provides, " the amount hereafter to be raised by tax for county or city purposes, in any county containing a city of over one hundred thousand inhabitants, or any such city of this state, in addition to providing for the principal and interest of existing debt, shall not in

the aggregate exceed in any one year two per centum of the assessed valuation of the real and personal estate of such county or city, to be ascertained as prescribed in this section in respect to county or city debt."

*Isaac Adler* for appellant.

*Charles L. Pierce, Corporation Counsel,* for respondents.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., HOGAN, CARDOZO, POUND, MCLAUGHLIN, CRANE and ANDREWS, JJ.

---

CHARLES CAMPBELL, Respondent, *v.* ARTHUR L. D. WARNER, Appellant.

*Negligence — master and servant — motor vehicles — pedestrian struck and injured by automobile while crossing street — owner not liable where chauffeur was at the time using automobile for his own purposes without master's consent.*

*Campbell* v. *Warner,* 200 App. Div. 888, reversed.

(Argued December 12, 1922; decided January 9, 1923.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered March 1, 1922, affirming a judgment in favor of plaintiff entered upon a verdict in an action to recover for personal injuries alleged to have been sustained by plaintiff through the negligence of defendant. Plaintiff was struck and injured by defendant's automobile while crossing Eighth avenue near Fifty-fourth street in the city of New York. Defendant resided on Eighty-ninth street, the car was kept at Eighty-fourth street and Broadway. On the day of the accident he arrived at his home in his car about five-thirty P. M. and directed his chauffeur to return at nine-thirty P. M. The chauffeur, without permission of his master, drove the automobile to his own home and from there to Twenty-sixth street on his own business. On his way uptown again at about seven P. M. the accident happened.

*Frederick Snow Kellogg* and *Charles Snow Kellogg* for appellant.

*Charles R. O'Connor* and *George L. Donnellan* for respondent.