[L. A. No. 7402. In Bank.—February 26, 1923.]

## RAYMOND IVES BLAKESLEE, Appellant, v. ELIHU C. WILSON et al., Respondents.

[1] ACTION FOR DECLARATORY RELIEF — CONSTITUTIONALITY OF CODE PROVISIONS.—Sections 1060, 1061 and 1062 of the Code of Civil Procedure, providing for declaratory relief (Stats. 1921, p. 689), do not impose nonjudicial duties upon the courts, thereby rendering the act unconstitutional.

[2] ID. — EFFECT OF DETERMINATION. — The contention that a mere declaration of a right and duty, and the determination of any question of construction or validity arising under written instruments and contracts, do not have the effect of a judgment, and are but the invoking of the authority of the court in the performance of an idle act, where no dispute or controversy exists, cannot be maintained.

[3] ID.—LIS PENDENS—ABSENCE OF PROVISION FOR—CONSTITUTIONALITY OF ACT.—The Code of Civil Procedure, section 409, provides in what cases a *lis pendens* may be filed, and the fact that the filing of such an instrument is not required in actions or proceedings brought to obtain declaratory relief, or that because the statute does not in terms give the judgments of a court in such proceedings the effect of a *lis pendens*, does not render the act unconstitutional.

[4] PLEADING—SPECIAL DEMURRER—SUSTAINING WITHOUT LEAVE TO AMEND—RULE.—It rarely happens upon an initial attempt to state a cause of action that the court is justified in sustaining a demurrer to a complaint upon the grounds of uncertainty, ambiguity, and unintelligibility, without leave to amend.

APPEAL from a judgment of the Superior Court of Los Angeles County. Charles S. Burnell, Judge. Reversed.

1. Declaration of rights or declaratory judgments, notes, 12 A. L. R. 52; 19 A. L. R. 1124.

The facts are stated in the opinion of the court.

Louis J. Euler for Appellant.

F. A. Stephenson for Respondents.

WASTE, J.—The plaintiff brought this action for a declaration of his rights under certain contracts of employment entered into with the defendants. A general and special demurrer to the complaint was interposed and was sustained without leave to amend. Judgment was thereupon entered dismissing the action and for defendants' costs. Hence this appeal, which squarely presents for our consideration the constitutionality of sections 1060, 1061, and 1062 of the Code of Civil Procedure, providing for declaratory relief in this state. (Stats. 1921, c. 463, p. 689.) Incidental to the main question—whether or not such an action may be maintained in this jurisdiction—is an examination into the sufficiency of the complaint to determine if it states facts amounting to "a case of actual controversy relating to the legal rights and duties of the respective parties," for only in such an event may the action be maintained. It is provided in section 1060, *supra,* that "any person interested under a deed, will or other written instrument, or under a contract, or who desires a declaration of his rights or duties with respect to another, or in respect to, in, over or upon property, or with respect to the location of the natural channel of a watercourse, may, in cases of actual controversy relating to the legal rights and duties of the respective parties, bring an action in the superior court for a declaration of his rights and duties in the premises, including a determination of any question of construction or validity arising under such instrument or contract. He may ask for a declaration of rights or duties, either alone or with other relief; and the court may make a binding declaration of such rights or duties, whether or not further relief is or could be claimed at the time. The declaration may be either affirmative or negative in form and effect, and such declaration shall have the force of a final judgment. Such declaration may be had before there has been any breach of the obligation in respect to which said declaration is sought." The succeeding sections provide that the court may refuse

to exercise the power thus granted in any case where its declaration or determination is not necessary or proper at the time, under all the circumstances, and that the remedies so provided are cumulative and shall not be construed as restricting any remedy provided by law. With the provisions of the law in mind, it will be easier to understand the theory of the complaint and the facts on which plaintiff relies for a declaration of his rights and duties in the premises.

It is alleged that plaintiff is an attorney at law. He entered into an agreement in writing with the defendants, by which he was employed to represent defendants in the prosecution of certain patent litigation pending in the United States courts, which actions appear to have been consolidated. He was successful in the prosecution of said causes, and secured for the defendants findings and a decree upholding their rights and "that the defendants were entitled to an injunction and accounting and for the profits made by their opponents in said cause of action and for their costs." The injunction was issued and, according to the allegations of the complaint, the accounting is now being had before the master in chancery appointed by the federal court, and has not yet been completed. Plaintiff alleges the defendants were to receive as profits and damages for the infringement upon their patent rights approximately one million dollars. As compensation for his services in prosecuting and conducting the litigation for defendants, plaintiff, so he avers, was to receive certain nominal fees and "a one-third ($\frac{1}{3}$) contingent interest in any and all recoveries, damages and profits which might be or were made or moneys which might be received by defendants in said cases." Relying upon that agreement, plaintiff performed the service agreed upon, and prosecuted and defended the actions to judgment, as already stated.

It is further alleged that subsequent to the commencement by plaintiff of the services for defendants, and prior to the final hearings in said causes, plaintiff proposed to the defendants that they purchase outright plaintiff's contingent one-third interest in the consolidated causes. Defendants refused to do this, but submitted a counter-proposition depending upon certain conditions, all of which are set out in the complaint. Plaintiff did not accept this arrangement,

but secured the decree for the defendants under the prior agreement for a one-third interest.

Coming to that portion of the complaint which purports to make this a ''case of actual controversy,'' plaintiff alleges that the defendants have admitted in writing the agreement to employ him on the basis of a one-third contingent interest in any recoveries made by them, but now contend that one of the stipulations contained in their counter-proposition for the employment of the plaintiff, to wit, to pay plaintiff the sum of three thousand five hundred dollars in full for his services, superseded the original agreement, and is the actual contract under which the employment was rendered by plaintiff. On this basis defendants have offered to pay plaintiff in full, but plaintiff has refused to settle upon those terms, and no part of the recoveries, profits, and proceeds accruing to the defendants under the patent litigation has been paid or received by him.

The sections, *supra,* providing for declaratory relief were added to the Code of Civil Procedure by the legislature at its session in 1921. This is the first time their consideration and construction has engaged the attention of this court.

[1] It is, first, strongly urged by the respondents that the sections of the code referred to impose nonjudicial duties upon the courts, thereby rendering the act unconstitutional. [2] It is further contended that a mere declaration of a right and duty, and the determination of any question of construction or validity arising under written instruments and contracts, do not have the effect of a judgment, and are but the invoking of the authority of the court in the performance of an idle act, where no dispute or controversy exists. The objection is also made that there is nothing in the act giving the declaration of the court the effect of a *lis pendens.* None of these objections are sound. The subject of what proceedings are considered judicial in this state was so thoroughly considered and determined in a case involving the construction of ''an Act to provide for the establishment and quieting of title to real property in case of the loss or destruction of public records'' (Stats. 1906 [Ex. Sess.], p. 78) that it were idle to do more than to refer to *Title etc. Restoration Co.* v. *Kerrigan,* 150 Cal. 289, 318 et seq. [119 Am. St. Rep. 199, 8 L. R. A. (N. S.) 682, 88 Pac. 356].

The contention that judicial power should not be exercised except in settling actual disputes and controversies was also disposed of in a case involving "an Act for the certification of land titles and the simplification of the transfers of real estate," commonly known as the "Torrens Law" (Stats. 1897, p. 138). (*Robinson* v. *Kerrigan,* 151 Cal. 40, 47, 48 [121 Am. St. Rep. 90, 12 Ann. Cas. 829, 90 Pac. 129].)

While, as previously stated, the particular statute in question has not before engaged the attention of this court, its subject matter has been considered by the highest court in two other jurisdictions. The Michigan legislature passed an act to authorize courts of record to make binding declarations of rights. (Act 150 of the Public Acts of 1919.) That act appears to be more comprehensive than the California statute, but does not provide that its provisions may be invoked only in cases of actual controversy, as is the case in this state. In a proce‹ .ing, not based on an actual controversy, the supreme court of Michigan declared that "while the advocates of this measure insist that the proceedings authorized by the act do not constitute a moot case, and while the proceedings may not square in all particulars with the technical definition of a moot case, they are such in every essential. . . . This act confers power not judicial and requires performance of acts nonjudicial in character." For these reasons it declared the act void in its entirety. (*Anway* v. *Grand Rapids Ry. Co.,* 211 Mich. 592 [12 A. L. R. 26, 179 N. W. 350].) Much that is said by the Michigan court is satisfactorily answered by the decisions in *Robinson* v. *Kerrigan, supra, Title Restoration Co.* v. *Kerrigan, supra,* and *Hoffman* v. *Superior Court,* 151 Cal. 386, 393 [90 Pac. 939]. It therefore seems unnecessary for us to further consider the decision of that court. In 1921, the legislature of the state of Kansas also passed a statute authorizing the rendition of declaratory judgments. (Laws 1921, c. 168, sec. 6.) It is almost like our own, and its provisions may be invoked only "in cases of actual controversy." Shortly after its enactment its constitutionality was challenged. The objections that were urged against the validity of the Michigan statute, and which are renewed here, were considered by the supreme court of Kansas. The court held that the statute was not unconstitutional on the ground of

attempting to confer nonjudicial powers upon the court, and further declared that judgments rendered under its provisions might be classed as judicial acts, although rendered in actions admittedly brought before a right had been invaded, and although no consequential relief be given or sought. (*State ex rel. Hopkins* v. *Grove*, 109 Kan. 619 [19 A. L. R. 1116, 201 Pac. 82].) The decision in this case is so readily accessible that we do not need to repeat the argument of the court or to make extracts therefrom. What is there said is applicable to and determinative of the question presented for our own consideration on this appeal. A very exhaustive and scholarly treatise upon the subject of declaratory judgments, particularly with reference to the California legislation of 1921 providing for such relief, will be found in two articles by Professor Maurice E. Harrison, of Hastings College of Law, appearing in the issues of the "California Law Review" for March, 1920, and July, 1921. Other valuable treatises on the same subject are referred to in the decision of the Kansas court, *supra*. (See, also, *Board of Education* v. *Van Zandt*, 119 Misc. Rep. 124 [195 N. Y. Supp. 297–300].)

[3] The objection that the act makes no provision for anything in the nature of a *lis pendens* does not warrant further consideration. The Code of Civil Procedure, section 409, provides in what cases a *lis pendens* may be filed, and we know of no reason for holding that because the filing of such an instrument is not required in actions or proceedings brought to obtain declaratory relief, or that because the statute does not in terms give to the judgments of a court in such proceedings the effect of a *lis pendens*, the act is thereby rendered unconstitutional. Respondents advance no sufficient reason in support of the contention.

[4] Coming to a consideration of the last contention of the respondents that the action of the court in sustaining the demurrer upon the ground of uncertainty, ambiguity, and unintelligibility was warranted by the pleadings, it suffices to say that it very rarely happens upon an initial attempt to state a cause of action that the court is justified in sustaining a demurrer upon those grounds, without leave to amend. Such action is ordinarily altogether too drastic upon a pleader's first attempt to present his cause. Fur-

thermore, in this instance, it does not appear to us that the
points of the special demurrer are well taken.

The judgment of the lower court is reversed.

Lennon, J., Seawell, J., Myers, J., Kerrigan, J., Wilbur,
C. J., and Lawlor, J., concurred.