MCCRORY STORES CORPORATION, RESPONDENT, v. S. M. BRAUNSTEIN, INCORPORATED, APPELLANT.

Argued February 5, 1926—Decided October 10, 1926.

1. The act of 1924, entitled "An act concerning declaratory judgments and decrees" (*Pamph. L.*, *p.* 312) does not contravene the provisions of article 6, section 1, of our constitution, and the powers conferred upon the Supreme Court by that act are "judicial powers" within the purview of that section of our constitution.
2. A clause in a lease by the terms of which the tenant agrees "to pay all increase in taxes on and after October 27th, 1920," does not apply to an increase of taxes upon the demised premises in

1920, over the year 1919, when such taxes are not only assessable but are also payable in part prior to the date specified; and payment by the tenant of such excess is not a construction of the lease by the parties to it, in view of the plain language of the lease.

On appeal from the Supreme Court.

For the appellant, *Cole & Cole.*

For the respondent, *Bourgeois & Coulomb.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE.   This is a proceeding instituted in the Supreme Court, under the provisions of a statute passed in 1924, entitled "An act concerning declaratory judgments and decrees" (*Pamph. L., p.* 312), and referred by that tribunal to the Circuit Court of Atlantic county for hearing and determination.   Its purpose is to have judicially declared the true contruction of a provision in a lease under which the McCrory Stores Corporation is occupying a store in Atlantic City belonging to the Braunstein company.   The lease is for a term of twenty years, running from October, 1915, to October, 1935.   The rental was fixed at $15,000 per year, plus an addition thus provided in the portion of the lease which the court is asked to construe: "And the said party of the second part (that is, the tenant) hereby covenants and agrees that it will pay all the increase in taxes on and after October 27th, 1920; which said increase in taxes shall be considered as so much rent due and payable within thirty days after the same becomes due and payable to the city of Atlantic City."   It appears that the taxes assessed upon this property for the year 1920 were considerably in excess of those assessed upon it for the year 1919, and the contention of the lessor is that, by the provision of the lease which has been recited, all increases over the assessment of 1919 are to be paid by the lessee.   The lessee, on the other hand, contends that it is the increase over the assessment of 1920 that it is obligated to pay.   The Circuit

Court considered that the true construction of this provision of the lease was that contended for by the tenant; and, upon so advising the Supreme Court, a declaratory judgment was there entered in accordance with that view. From this judgment the lessor has appealed.

The appellant, when the case was moved in the court below, challenged its jurisdiction to determine the subject-matter involved in the proceeding, upon the ground that, by force of article 6, section 1, of our constitution, only "judicial powers" could be vested in our courts by legislative enactment; that the statute under which the proceeding was instituted violates this constitutional provision, for the reason that it attempts to impose upon our courts the performance of acts non-judicial in character, by conferring upon them power to make binding declarations of rights as to matters which are not presently involved in any pending litigation, and which declarations, when made, are unenforceable by execution or other final process, and are therefore in no sense judicial judgments. This contention having been resolved against the appellant by the Circuit Court, it is now urged before us as a reason for reversing the so-called judgment now under review.

The Declaratory Judgment act, by its first and second sections, confers upon our courts of record, within their respective jurisdictions, power to declare rights, status or other legal relations, although no further relief is or could be claimed; and empowers those courts, among other things, to determine any question of construction or validity arising under a deed, will or written contract, and declare the rights, status or other legal relations thereunder of the parties thereto. Such declarations, by the express language of the statute, are given the force and effect of final judgments or decrees. It is true that they are not enforceable by execution or other final process, but relief, based thereon, may be granted, whenever necessary or proper, on application to a court having jurisdiction to grant such relief. Section 8.

Declaratory judgment statutes similar to, if not identical with, that now under consideration have been enacted by

the legislatures of many of our sister states; and have been the subject of much discussion by the courts of several of those states in considering the question whether challenges to the validity of such legislation, similar in essence to that interposed by counsel for the defendant, rest upon a sound' legal basis. The great majority of those courts have held that the powers conferred upon judicial tribunals by these statutes, and the duties imposed upon them in the exercise of those powers, were not violative of constitutional principles. *State* v. *Grove,* 109 *Kan.* 619; 201 *Pac. Rep.* 82; *Board of Education* v. *Van Zandt,* 234 *N. Y.* 644; 138 *N. E. Rep.* 481; *Blakeslee* v. *Wilson,* 190 *Cal.* 479; 213 *Pac. Rep.* 495; *Braman* v. *Babcock,* 98 *Conn.* 549; 120 *Atl. Rep.* 150; *In re Petition of Kariher* (*Penna.*), 131 *Atl. Rep.* 265; *Miller* v. *Miller,* 149 *Tenn.* 463; 261 *S. W. Rep.* 965. The reasoning contained in the opinions upon which this conclusion is rested is to us convincing of the soundness of that conclusion. To appropriate that reasoning *in extenso* as the basis of our own determination in the present case would be an act of doubtful propriety. to say the least. We content ourselves, therefore, with saying, in addition to our concurrence in the views expressed by the courts of our sister states, that, in our opinion, the underlying principle involved in the present decision is that expressed in the case of *In re Public Utility Board,* 83 *N. J. L.* 303; a proceeding instituted in the Supreme Court, by the attorney-general, pursuant to the mandate of the governor of the state, the purpose of which was to obtain from that court a declaration as to whether or not a given statute had been duly and constitutionally passed by both houses of the legislature. The proceeding was instituted under the authority of an act passed in the year 1873, which conferred upon the Supreme Court jurisdiction and power to make the investigation applied for by the attorney-general, pursuant to instructions received from the governor, and, in case it was made to appear to the court that the statute, which was the subject of attack, had not been constitutionally passed, to declare such statute null and void. In dealing with the question of the validity of the power conferred by

the act of 1873, the court used this language (at *p.* 307) : "It is true that ordinarily the court is required to exercise this function [that is, the function of passing upon the constitutionality of statutes] only in cases where the question arises in litigation *inter partes;* but the question is, nevertheless, always a judicial one, and we see no reason for concluding that it is beyond the power of the legislature to create a method of judicial procedure in which the sole and only question to be presented for decision is whether or not a given statute was enacted in conformity to constitutional requirements." If the function of determining, in a proceeding brought by the attorney-general under the act of 1873, whether or not a given statute has or has not been passed in accordance with constitutional requirements is a judicial one, it must be equally true that the function of determining the construction or validity of a deed or other written contract—like the function of declaring the true construction of a last will and testament—is equally a judicial one.

Our conclusion is that the attack upon the constitutionality of this statute is without legal basis.

It is further argued that the Circuit Court was in error in holding that, by the true construction of the clause in the lease which has been already recited, the year 1920, and not the year 1919, was the basic year to be used in determining the amount of the increased taxes payable by the lessee.

We think this contention, also, is without merit. By the very terms of the provision in the lease, it was the increase in taxes which should take place on and after October 27th, 1920, and which should thereafter become payable to the city of Atlantic City, that the lessee was obligated to pay as rent. The amount of municipal taxes to be paid in a given year is required by our Tax act to be determined early in that year. They are required to be paid by the taxpayer as .follows: one-half on the 1st day of April of that year, and one-half on the 1st day of December of that year. The increase in taxes (if any) in a particular year over those levied and assessed in a preceding year occurs when the levy and assessment for the particular year is completed; and that neces-

sarily occurs prior to the date when the first payment is to be made. This being so, the only doubtful question which the case presents (if it is a doubtful one) is whether the increase in taxes specified in the lease is the increase appearing in the assessment made for the year 1920 or in the assessment made for the year 1921, if there was a further increase that year.

It is further argued as a reason for reversing the judgment before us that, because the lessor presented to the lessee a bill for the excess taxes of the year 1920 over those assessed for the year 1919, and that this bill was paid by the lessee —all of which is admitted—such action was a construction put upon the lease by the parties to it. We think that there is nothing in this contention. The lease speaks for itself. Its construction is not in doubt. The payment presumably was made by reason of a lack of appreciation by the tenant of its obligation under the lease; but, whether this be so or not, the action of the parties just referred to cannot increase or decrease the obligation imposed by that instrument.

The only other ground urged for reversing the judgment is that the Supreme Court was without authority to refer this proceeding to the Circuit Court to hear and determine; but this question is not made the subject of a ground of appeal, and, therefore, is not properly before us for determination, particularly in view of the fact that the matter in controversy was one within the jurisdiction of the Circuit Court, and that the defendant voluntarily submitted itself to that jurisdiction.

On the whole case, we conclude that the judgment under review should be affirmed.

*For affirmance*—THE CHIEF JUSTICE, TRENCHARD, PARKER, MINTURN, BLACK, KATZENBACH, CAMPBELL, LLOYD, WHITE, GARDNER, VAN BUSKIRK, MCGLENNON, KAYS, HETFIELD, JJ.   14.

*For reversal*—KALISCH, J.   1.