[Civil Nos. 2830, 2834. Filed December 16, 1929.]

[283 Pac. 281.]

CHARLES E. MORTON, Appellant, v. PACIFIC CONSTRUCTION COMPANY, a Corporation, Appellee.

HATTIE L. MOSHER, Appellant, v. PACIFIC CONSTRUCTION COMPANY, a Corporation, Appellee.

Mr. Earl F. Drake, for Appellant Morton.

Mr. J. C. Niles and Mr. John W. Ray, for Appellant Mosher.

Messrs. Kibbey, Bennett, Gust, Smith & Lyman, for Appellee.

ROSS, J.—This is an action under our Uniform Declaratory Judgments Act (chap. 10, Laws 1927), brought by the Pacific Construction Company "to settle and to afford relief from uncertainty and insecurity" a paving contract, entered into between plaintiff and defendant city of Phoenix, wherein the plaintiff has agreed to pave Second Street in said city, from the north line of Van Buren Street to the south line of McDowell Street.

The complaint sets out that the regular statutory requirements under the Street Improvement Act (chap. 13, title 7, Civ. Code 1913) for paving Second Street and the letting of the contract to the plaintiff as the lowest bidder were followed by the city commission. It alleges that "the defendant Hattie L. Mosher, aided and abetted by certain of the other defendants, and by certain other persons who are owners of property in the district proposed to be assessed, but are non-residents of the State of Arizona," are questioning the validity of plaintiff's contract and also the resolutions and orders of the city commission made and entered in connection with said proposed improvement, and that said Hattie L. Mosher and the said nonresident property owners had instituted suits in the superior court of Maricopa county and in the federal courts challenging the

validity of plaintiff's contract with the city upon some seven different grounds enumerated therein.

The defendant demurred to the complaint on the grounds (1) that there is no *bona fide* controversy between the parties; (2) that there is another action pending determinative of all the issues raised by the complaint; (3) that there is a defect of parties defendant; and (4) that the allegations of the complaint do not state facts sufficient to constitute a cause of action. She answered the complaint, but, in view of the disposition we feel that must be made of the case, we do not deem it necessary to set out the answer. Suffice it to say that she admits in her answer that she and others are prosecuting suits against the city of Phoenix, involving the validity of plaintiff's contract, upon the grounds as alleged in the complaint. She also pleads in abatement and in bar of this suit these actions being prosecuted by her and others on the ground that they were instituted and pending when this suit was filed.

The demurrers were overruled, the case was tried to the court without a jury and judgment was entered for plaintiff in accordance with its prayer.

Two of the defendants, Hattie L. Mosher and Charles E. Morton, have separately appealed from the judgment. The demurrers and answers of these two defendants raise the same issues. By stipulation the two cases are consolidated for the purposes of this appeal, and they will be disposed of at the same time. The briefs and assignments are those of appellant Mosher, but under the stipulation are adopted by appellant Morton.

The defendant questions the constitutionality of the Uniform Declaratory Judgments Act. She contends that it in effect makes of the court "a bureau of information or advice"; that the decisions required are not of actual or *bona fide* controversies, and that the relief sought is not consequential. It is said that

these burdens cast upon the court by the act are not and never have been judicial in their character. This contention and others urged against the law have not found favor in the courts. Prior to 1928 this law had been adopted by twelve states, Arizona being one of them, and its constitutionality has been sustained wherever brought into question. *Miller* v. *Miller,* 149 Tenn. 463, 261 S. W. 965, 972; *Petition of Kariher,* 284 Pa. 455, 131 Atl. 265, 270; *McCrory Stores Corp.* v. *Braunstein,* 102 N. J. L. 590, 134 Atl. 752; *State ex rel. Hopkins* v. *Grove,* 109 Kan. 619, 19 A. L. R. 1116, 201 Pac. 82; *Blakeslee* v. *Wilson,* 190 Cal. 479, 213 Pac. 495. One of the best and most quoted statements in support of the law is found in *Petition of Kariher, supra,* and we fully agree with it. The only state decision taking a contrary view is *Anway* v. *Grand Rapids Ry. Co.,* 211 Mich. 592, 12 A. L. R. 26, 179 N. W. 350, and the real reason for that decision appears to have been that there was no controversy between the parties, and that the question propounded was in fact largely moot. This court in *Crawford* v. *Favour,* 34 Ariz. 13, 267 Pac. 412, refused to accept jurisdiction and decide a proposition that involved the giving of an advisory opinion to the members of the state legislature, and in that connection cited the Anway case, *supra.* Counsel for defendant now contends that, because this court cited the Anway case as authority for refusing to give an advisory opinion, it, in effect, held with the Anway case that the Uniform Declaratory Judgments Act was unconstitutional. However, we did not say, directly or inferentially, that such act was not valid, but, on the contrary, decided the case on an entirely different theory and as though the law were constitutional. The federal decisions cited and relied upon are not in point because the jurisdiction of the United States courts is limited by the federal Constitution. *Willing*

v. *Chicago Auditorium Assn.*, 277 U. S. 274, 72 L. Ed. 880, 48 Sup. Ct. Rep. 507.

As is said in the Kariher case, *supra:*

"In passing on the validity of such legislation, courts do not fail to recognize that the law is a progressive science, that forms of procedure which at one time were regarded as essential may no longer be necessary, and that changes may validly be made."

In the application of the law "the question must be real, and not theoretical; the person raising it must have a real interest, and there must be someone having a real interest in the question who may oppose the declaration sought. It is not necessary that any breach should be first committed, any right invaded, or wrong done. The purpose of the act, as expressed in section 12 thereof, is to 'settle and to afford relief from uncertainty and insecurity with respect to rights, status and other legal relations; and is to be liberally construed and administered.'" *Miller* v. *Miller, supra.*

One of the grounds of the demurrer was "that there is a defect of parties defendant." Under the statute, when such a defect appears upon the face of the complaint, it may be taken advantage of by demurrer. Subdivision (4), par. 468, Civ. Code 1913. The complaint shows upon its face that certain nonresident owners of property located in the assessment district were not made parties defendant. The omission to make such nonresident owners either parties plaintiff or defendant being apparent from the complaint, the court should have sustained the demurrer, providing such nonresident property owners are necessary or indispensable parties to the action. Under the Street Improvement Act, *supra,* each piece or parcel of land included in an assessment district and receiving benefits by reason of the improvement is burdened with its proportionate cost of the improvement, so that each and every realty owner in the assessment

district is interested in the proceedings leading up to the letting of the contract as also in the contract itself. Section 11 of our Uniform Declaratory Judgments Act provides:

"When declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration, and no declaration shall prejudice the rights of persons not parties to the proceeding. . . . "

It may be said that under this provision it is not mandatory that every property owner should be made a party to the proceeding. That may be conceded, but under section 6 of the act it is provided:

"The court may refuse to render or enter a declaratory judgment or decree where such judgment or decree, if rendered or entered, would not terminate the uncertainty or controversy giving rise to the proceeding."

If the nonresident property owners are necessary parties before a judgment may be entered conclusively settling the uncertainty in the contract and the controversies arising out of it, then we think the court should have exercised its discretion and refused to enter any judgment in their absence. A judgment against the present defendants would not be binding upon those property owners not made parties, and, since the complaint alleges such nonresidents are acting in collusion with Mosher, it may be assumed that they would institute other suits even if this one should go to judgment in favor of plaintiff.

However, plaintiff contends, and cites some cases in support of the contention, that judgment may be rendered without the presence of nonresident property owners as parties. The cases cited to this proposition are *Conroy* v. *Cover*, 80 Colo. 434, 252 Pac. 883; *Searles* v. *Northwestern Mut. Life Ins. Co.*, 148 Iowa 65, 29 L. R. A. (N. S.) 405, 126 N. W. 801; *Farish* v.

*Cieneguita Copper Co.,* 12 Ariz. 235, 100 Pac. 781. These cases, however, sought personal judgments against nonresidents, and, since such a judgment would be of no validity unless the nonresident defendant voluntarily appeared, they are based upon very sound reasons. The situation here is very different from that. The whole proceeding to improve Second Street is in the nature of an action *in rem,* and, if otherwise regular and legal, will culminate in the fixing of a lien upon the property of each individual owner in the assessment district without personal notice to him. All services of process, from the adoption of the plans and specifications up to the entering into the contract to the lowest bidder, is by publication and posting. The property owners are not personally served with notice of the different steps being taken by the authorities toward making the improvement. Had the nonresident owners of property in the district been made parties to this suit, constructive service could be had upon them as in the ordinary case. *Wilson* v. *Reeves County Water Improvement Dist. No. 1,* (Tex. Civ. App.) 256 S. W. 346, makes the distinction we here have made, and holds that the nonresident owners of water rights in a water district are necessary parties upon whom constructive service may be had, and a failure to make them parties in an action affecting such water rights may be taken advantage of by plea in abatement. See, also, *Hook* v. *Hoffman,* 16 Ariz. 540, 147 Pac. 722.

We cannot bring ourselves to think that it was the duty of the court to render a declaratory judgment in this case, since, if rendered, it would not terminate the uncertainty in the contract or the controversy that actuated the plaintiff to institute this proceeding. It would conclude of course the present defendants, but no other property owners in the assessment district. Our conclusion finds support in *Heller & Co.* v. *Hunt Forbes Const. Co.,* 222 Ky. 564, 1 S. W.

(2d) 970; *Coke* v. *Shanks,* 209 Ky. 723, 273 S. W. 552; *Ezzell* v. *Exall,* 207 Ky. 615, 269 S. W. 752.

The demurrer, on the ground that other actions were pending involving the issues raised by the complaint, and the pleas in abatement and in bar, for the same reason, were properly overruled. There is nothing on the face of the pleadings, including the complaint and answer, to show that the parties are the same. In fact, the answer shows that the actions were brought by defendant Mosher and others against the city of Phoenix and not the plaintiff herein.

The suggestion in the demurrer that there is no *bona fide* controversy between the parties is contrary to the allegations of both the complaint and answer. The demurrer on that ground was properly overruled.

We conclude, however, that the court erred in not sustaining the demurrer on the ground of defective parties defendant.

The judgment is reversed, with directions to permit the plaintiff to make parties to the action any property owners whose interests may be affected. Unless such persons are made parties, the complaint will be dismissed without prejudice.

LOCKWOOD, C. J., and McALISTER, J., concur.