CITY OF MILWAUKEE, Respondent, vs. CHICAGO & NORTH-
WESTERN RAILWAY COMPANY, Appellant.

*April 1—April 29, 1930.*

For the appellant there was a brief by *J. F. Baker* and *Llewellyn Cole,* both of Milwaukee, and oral argument by *Mr. Cole.*

*John M. Niven* of Milwaukee, city attorney, for the respondent.

Rosenberry, C. J.   It was conceded upon the oral argument and in the briefs that the ordinance which required the city to maintain the structures and improvements described in the complaint, referred to as Exhibit A, was invalid, the case in that respect being ruled by *Superior v.*

*Roemer,* 154 Wis. 345, 141 N. W. 250, and *Application of Kaiser,* 171 Wis. 40, 174 N. W. 814, 176 N. W. 781. The principal contention of the defendant is that (1st) this is not a proper case for the exercise of jurisdiction under the Declaratory Judgments Act for the reason that no effective relief can be granted; (2d) that under the law of this state exclusive jurisdiction to deal with the subject matter of the controversy is vested in the railroad commission of Wisconsin; and (3d) that the Declaratory Judgments Act (the uniform act) is invalid because in contravention of the constitution of the state.

. While it is no doubt true that the questions attempted to be settled in this action might have been presented in a different form, it does appear from the allegations of the complaint that there is a substantial controversy between the parties as to their respective rights under the ordinance in question. The ordinance was passed April 15, 1902, long prior to the creation of the railroad commission. The duties and obligations of the respective parties to the contract ordinance were fixed, therefore, under the law as it existed at that time. The statute creating the railroad commission of Wisconsin nowhere attempts to delegate to it authority to determine questions of law in respect to situations created prior to the adoption of the statute. Under the situation as it existed after the adoption of the ordinance and the erection of the structures, it was the duty of the city or of the railroad company to maintain the structures in a reasonably safe condition. It is conceded that under the law as it stood at that time, this was the duty of the defendant railroad company and that the contract by which the city undertook to perform that duty was void. While the defendant might not have been willing to do everything that it contracted to do by the terms of its contract except in consideration of the plaintiff's agreement to maintain the structures, that in no way relieves it of the duty imposed

upon it by law. It is no part of our duty to determine whether or not the defendant has a remedy,—it certainly has no right to refuse to perform its duty.

Upon the authority of *Anway v. Grand Rapids R. Co.* 211 Mich. 592, 179 N. W. 350, 12 A. L. R. 52, the defendant contends that the Uniform Declaratory Judgments Act under which this action is brought is invalid. Since the briefs were written that case has been overruled in effect by the supreme court of the state of Michigan in *Washington-Detroit Theater Co. v. Moore,* 249 Mich. 673, 229 N. W. 618.

Laws similar to the uniform act have been held valid in *State ex rel. Hopkins v. Grove,* 109 Kan. 619, 201 Pac. 82; *Blakeslee v. Wilson,* 190 Cal. 479, 213 Pac. 495; *Miller v. Miller,* 149 Tenn. 463, 261 S. W. 965; *Petition of Kariher,* 284 Pa. St. 455, 131 Atl. 265; *Patterson v. Patterson,* 144 Va. 113, 131 S. E. 217; *Braman v. Babcock,* 98 Conn. 549, 120 Atl. 150. The uniform act was sustained in *McCrory Stores Corp. v. Braunstein,* 102 N. J. L. 590, 134 Atl. 752, and the matter has been passed *sub silentio* by this court in *Nash Sales, Inc. v. Milwaukee,* 198 Wis. 281, 224 N. W. 126; *Rosenberg v. Whitefish Bay,* 199 Wis. 214, 225 N. W. 838.

These and other cases are cited in the opinion of the Michigan supreme court in *Washington-Detroit Theater Co. v. Moore, supra.* In view of these decisions we think it is not incumbent upon us to restate the grounds upon which declaratory relief laws have been held valid. In a general way *State ex rel. Hopkins v. Grove,* 109 Kan. 619, 201 Pac. 82, states our views in that regard.

*By the Court.*—Order affirmed.