## MILLER v. SIDEN.

1. CHATTEL MORTGAGES—ACTION—REPLEVIN.
   Proper action by seller of boiler, who took chattel mortgage for purchase price, and who seeks to recover possession from one who claims to be owner free of mortgage, is replevin.

2. ACTION—DECLARATORY JUDGMENT NOT SUBSTITUTE FOR COMMON-LAW ACTION.
   Proceeding for declaratory judgment is not substitute or alternative for common-law actions (3 Comp. Laws 1929, § 13903 et seq.).
   POTTER, J., dissenting.

As to declaration of rights or declaratory judgments, see annotation in 12 A. L. R. 52; 19 A. L. R. 1124; 50 A. L. R. 42; 68 A. L. R. 110.

Appeal from Wayne; Toms (Robert M.), J. Submitted April 21, 1932. (Docket No. 12, Calendar No. 35,923.) Decided June 6, 1932.

Petition by Abe Miller against Morris Siden and another for a declaration of rights under declaratory judgment law. Judgment for plaintiff. Defendants appeal. Reversed.

*Kelly, Kelly & Kelly,* for plaintiff.

*Louis Rosenzweig,* for defendants.

FEAD, J. Plaintiff, claiming right of possession of a certain boiler, as mortgagee in a chattel mortgage given for its purchase price, filed a petition under the declaratory judgment law (3 Comp. Laws 1929, § 13903 *et seq.*), to recover possession from defendant, who claims to be the owner free of the mortgage.

The proper action is replevin. The proceeding for declaratory judgment is not a substitute nor alternative for the common-law actions. *Village of Grosse Pointe Shores* v. *Ayres,* 254 Mich. 58, 62.

Judgment for plaintiff reversed, without new trial, and without prejudice to bring the proper action. As the point was not raised, no costs will be ordered.

CLARK, C. J., and McDONALD, SHARPE, NORTH, WIEST, and BUTZEL, JJ., concurred with FEAD, J.

POTTER, J. (*dissenting*). Plaintiff filed a petition under Act No. 36, Pub. Acts 1929 (3 Comp. Laws 1929, §§ 13903–13909), setting forth that an actual controversy had arisen between the parties as to their rights under a conditional sales contract, dated December 24, 1929, to a 150 horse-power vertical

boiler and praying a declaratory judgment giving and granting to plaintiff the right and authority to immediately repossess the boiler and fixtures appurtenant thereto and attached therewith, and in the alternative that defendants might have the right of paying to plaintiff a specified sum. Attached to the petition was a copy of the contract of sale and of the order of the referee in bankruptcy confirming, *nunc pro tunc,* the sale, by the trustee in bankruptcy of the Crown Cleaners & Dyers to Morris Siden for $1,375 of the property in question, "subject to any and all outstanding liens and incumbrances, whether by way of chattel mortgage, title-retaining contract, or otherwise." From a judgment for plaintiff, defendants appeal.

Act No. 36, Pub. Acts 1929, notwithstanding the reasoning of *Anway* v. *Railway Co.,* 211 Mich. 592 (12 A. L. R. 26), and *Liberty Warehouse Co.* v. *Grannis,* 273 U. S. 70 (47 Sup. Ct. 282), has been sustained as constitutional by this court. *Washington-Detroit Theatre Co.* v. *Moore,* 249 Mich. 673 (68 A. L. R. 105).

An analysis of the Michigan statute under which petition is filed, demonstrates it is not open to the objection in this case aimed at the statute under consideration in *Anway* v. *Railway Co., supra.* Under the present statute no action or proceeding in any court of record shall be open to objection on the ground a merely declaratory decree or order is sought. The court may, in cases of actual controversy, make binding declarations of rights, whether any consequential relief is or could be claimed or not, including the determination, at the instance of any one interested in the controversy, of the construction of any statute, municipal ordinance, or other governmental regulation or any deed, will, or

other instrument in writing. 3 Comp. Laws 1929, § 13903. Declarations of rights and determination of questions of construction may be obtained by means of ordinary proceedings in law or in equity or by petition in law or equity. 3 Comp. Laws 1929, § 13904. If further relief is necessary or proper after declaration made, an order to show cause may be issued on motion. 3 Comp. Laws 1929, § 13905. When a declaration of rights or granting further relief involves disputed questions of fact, such facts may be settled by a jury. 3 Comp. Laws 1929, § 13906. Declarations of rights made under this act have the effect of final judgments. 3 Comp Laws 1929, § 13908.

This statute applies to actual controversies. Disputed questions of fact may be determined by a jury. Issues may be presented by ordinary proceedings in law or equity or by petition in law or equity. Further relief based upon the determination of the court may be obtained on motion therefor. Declarations of rights have the effect of final judgments, so that we have a statute which contemplates actual parties, a proceeding where there is an actual controversy, and a determination of that controversy by a judicial tribunal which may grant further relief and which, when adjudicated, has all the force and effect of a final judgment.

The statute authorizes proceedings by petition, a determination of disputed questions of fact and law, and a final judgment; that the relief sought and obtained might have been obtained by an action of replevin is no objection to proceeding by petition under this statute which is declared to be remedial, is to be liberally construed and administered with a view of making courts more serviceable to the people. 3 Comp. Laws 1929, § 13909. As applied to

this case, the statute permits the parties to resort to the practice by petition, rather than an action of replevin. Similar statutes have been upheld by the courts of last resort in other States. *Morton* v. *Pacific Construction Co.,* 36 Ariz. 97 (283 Pac. 281); *Blakeslee* v. *Wilson,* 190 Cal. 479 (213 Pac. 495); *James* v. *Hall,* 88 Cal. App. 528 (264 Pac. 516); *Braman* v. *Babcock,* 98 Conn. 549 (120 Atl. 150); *Sheldon* v. *Powell,* 99 Fla. 782 (128 South. 258); *Zoercher* v. *Agler,* 202 Ind. 214 (172 N. E. 186, 70 A. L. R. 1232); *State, ex rel. Hopkins,* v. *Grove,* 109 Kan. 619 (201 Pac. 82, 19 A. L. R. 1116); *Black* v. *Elkhorn Coal Corp.,* 233 Ky. 588 (26 S. W. [2d] 481); *McCrory Stores Corp.* v. *S. M. Braunstein, Inc.,* 102 N. J. Law, 590 (134 Atl. 752); *Board of Education of Rochester* v. *Van Zandt,* 119 Misc. Rep. 124 (195 N. Y. Supp. 297), same case, 234 N. Y. 644 (138 N. E. 481); *Kariher's Petition,* 284 Pa. 455 (131 Atl. 265); *Miller* v. *Miller,* 149 Tenn. 463 (261 S. W. 965); *Patterson's Ex'rs* v. *Patterson,* 144 Va. 113 (131 S. E. 217); *Milwaukee* v. *Railway Co.,* 201 Wis. 512 (230 N. W. 626).

Coming to the merits of the case, plaintiff, December 24, 1929, sold to Nathan Bilansky the boiler in question under a contract in writing construed to be a chattel mortgage which was not recorded. By the contract Bilansky stipulated the boiler was to be installed complete at 8900 Linwood Avenue, Detroit, La France Cleaners & Dyers. Crown Cleaners & Dyers, successors to La France Cleaners & Dyers was adjudicated bankrupt October 15, 1930. The boiler in question was included in the inventory of the bankrupt's assets and purchased at bankrupt sale by defendant Siden, and by him sold to Coggan Cleaners & Dyers. The bankruptcy sale was subject to any and all outstanding liens and incum-

brances, whether by way of chattel mortgage, title-retaining contract, or otherwise. Bilansky was the largest stockholder in La France Cleaners & Dyers, as well as Crown Cleaners & Dyers, both of which were corporations, and a part of the consideration paid for the boiler in question was paid by the checks of such corporations. Bilansky bought the boiler on written contract. He dictated where it was to be installed. Payments were made upon it by the corporation which had the use of it, in which he had a controlling interest. Accounting for the money paid for the boiler as between Bilansky and the corporations is not before us. So far as plaintiff is concerned, his contract was with Bilansky, and what has not been paid upon the contract is still due. Bilansky's creditors are not involved. None of them seek to attack or void his title. As between Miller and Bilansky, the chattel mortgage ·is just as valid, binding, and enforceable as if it had been recorded, and affidavits of renewal had been timely filed. So far as Siden is concerned, he bought from the trustee in bankruptcy, at a bankruptcy sale ordered by the referee in bankruptcy, subject to chattel mortgages and conditional sales outstanding, and cannot be held to be an innocent purchaser for value, without notice, of the property in question. He held, and those who claim under him, hold subject to the rights of plaintiff. Analogous questions were before the court in *Stram v. Jackson,* 248 Mich. 171, and in *Re Bonk,* 268 Fed. 1012. We find no error.

Judgment of the trial court should be affirmed, with costs.