Fuld, J.
The plaintiff telephone company seeks a judgment declaring that the defendants — the City School District of the City of Binghamton and the Board of Education of the City School District—are no longer entitled to telephone service at the reduced rates which they had previously been charged. The Appellate Division, which heard the case in the first instance on submitted facts (see CPLR 3222 [formerly Civ. Prac. Act, § 546]), granted judgment for the defendants dismissing the complaint and the appeal is here by our permission.[1]
In 1896, one of the plaintiff’s predecessors, the New York and Pennsylvania Telephone and Telegraph Company, agreed to provide “ Departments ” of the City of Binghamton with telephone service at half rates in return for the right to construct “ subways ” for communications equipment under the city’s streets. Defendant Board of Education, as a city “ department ”, received such service without question until 1953, when the plaintiff gave notice of its intention to discontinue granting reduced rates to the school system. It is contended that the defendant is no longer a “ city department” and, hence, can derive no benefits from the 1896 agreement.
Up to 1951, although the Board of Education was vested with the authority to expend public funds for educational purposes, the city actually levied the taxes and made the necessary appropriations. However, in 1951, pursuant to the new City School' Law (L. 1950, ch. 762, as amd.; L. 1950, chs. 763, 764), a fiscally autonomous school district was created for the City of Binghamton and the Board of Education, acting independently of the city, thereafter levied the taxes required to run the city’s schools. Title to real and personal property used for educational purposes was vested in the City School District instead of in the city and the Legislature additionally provided that the school district was to ‘ ‘ succeed to and assume all contracts, condemnation proceedings or other proceedings * * * for educational purposes entered into or undertaken by the city prior to such date * * * it being the intention that the city school district be substituted in the place and stead of such city in all actions, contracts or other matters, growing out of *298 or relating to the possession, ownership, operation, extension and management of schools in such city school district ” (L. 1950, ch. 762, § 49).
Within the sense of the agreement under consideration, the defendant is certainly no more and no less a city department than it was before the new statute was enacted; this status did not change just because the city ceased collecting school taxes. Prior to 1951, the city was nothing more than a " custodian and depository of school funds” which were actually “under the care, control and administration of the board of education”. (Gunnison v. Board of Educ., 176 N. Y. 11, 17.) Even at that time, the boards of education were “ not subject to or controlled by the city authorities * * * [but were] clothed with authority to act independently ” of them. (Matter of Fuhrmann v. Graves, 235 N. Y. 77, 82.)
It follows, therefore, that, if the Board of Education was previously a “ city department ” entitled to discounted telephone service, the defendant is likewise a “ city department ” entitled to the same privileges. And this conclusion is confirmed by the provisions of section 49 of chapter 762 of the Laws of 1950, pursuant to which the defendant succeeded to all the rights and obligations under the contracts which the city had previously entered into for educational purposes. Since telephone service [1] at reduced rates for the school system was part of the city’s contract with the plaintiff,, this contract is among those to which the defendant “ succeeded ”.
The plaintiff’s argument that education is not a “ city purpose ” must likewise fail. If education was, in effect, a “ city purpose ” between the years 1896 and 1951, it did not cease to be so simply because of a change in fiscal arrangements between the city and the Board of Education. Indeed, in New York Tel. Co. v. Board of Educ. (270 N. Y. 111, 116), we held that a grant of discounted telephone service- to “ city departments ” was “ equivalent to providing half rates for ' city purposes.’ ” Not only was the Board of Education regarded as a “ city department,” but “ city purposes,” we noted, quoting from Board of Educ. of City of Rochester v. Van Zandt (119 Misc. 124, 126, affd. 204 App. Div. 856, affd. 234 N. Y. 644), included “ ' educational as well as other state [and municipal] functions ’ ” (270 N. Y., at pp. 116-117).
*299 We have considered the plaintiff’s other contentions and find them without merit.
The judgment of the Appellate Division should be affirmed, with costs.
Chief Judge Desmond and Judges Van Voorhis, Burke, Scileppi and Keating concur; Judge Bergan taking no part.
Judgment affirmed.

. It having been stipulated that the two named defendants constitute a “ single body corporate ”, they are hereinafter referred to as a single “ defendant ”.