CONTINENTAL INSURANCE COMPANIES, Plaintiff,

v.

SOUTH JERSEY GAS COMPANY, and R. & T. Castellini Company, Defendants.

CONTINENTAL INSURANCE COMPANIES, Plaintiff,

v.

SOUTH JERSEY GAS COMPANY, Defendant.

Civ. Nos. 75–0423, 75–1200.

United States District Court, D. New Jersey.

March 23, 1976.

Evans, Koelzer, Marriott & Osborne, by George J. Koelzer, Rumson, N. J., for plaintiff.

Kisselman, Deighan, Montano & Summers by Arthur Montano, Camden, N. J., for defendants.

On Cross Motions for Summary Judgment

OPINION

COHEN, Senior District Judge:

This dispute over the interpretation of a contract indemnity clause has generated five state court decisions, two settlements, and two federal suits. A declaratory judgment action and a suit for restitution have been filed in this court. Jurisdiction is based upon diversity of citizenship. The two actions have been consolidated and cross motions for summary judgment have been made by plaintiff, Continental Insurance Companies (Continental), and defendant, South Jersey Gas Company (South Jersey Gas). The controlling question is whether the declaratory judgment of the Superior Court of New Jersey, Chancery Division, Atlantic County, precludes relitigation of the indemnity clause issue in federal court. The state chancery court ruled that R. & T. Castellini Company (Castellini) and its insurer, Continental, were obligated to defend and indemnify South Jersey Gas in a personal injury action filed by Angelo Simoni in the Superior Court of New Jersey, Law Division, Cumberland County. For the reasons discussed below, Continental is collaterally estopped from relitigating the indemnity clause issue in the federal court and is not entitled to relief from the final judgment of the state court. Summary judgment will be granted in favor of defendants.

In January, 1968 South Jersey Gas entered into a contract with Castellini whereby Castellini was to install certain gas mains. The scope of the work to be performed under the contract included the following:

(1) Furnish all labor, excavating and construction equipment, tools, services, and permanent and temporary facilities required in performing all operations necessary for the complete installation of gas mains and services.

.    .    .    .    .

The contract further provided that:

Contractor agrees to furnish and maintain during the period of this Contract and at its own expense, policies of insurance covering:

1. *Indemnity Clause*

The Contractor shall save harmless, indemnify, and in the event of suit will defend the South Jersey Gas Company from and against all loss, costs, damage, expense, claims, or demands arising out of or caused or alleged to have been caused in any manner by the doing of the work herein provided, including all suits or actions of every kind or description brought against the Company either individually or jointly with the Contractor for or on account of any damage or injury to any person or persons or property, including the Contractor's employees or their property, caused or occasioned, or alleged to have been caused or occasioned by the Contractor, a subcontractor, their employees or agents, by or on account of the performance of any work done pursuant to or in connection with this Contract, or through any negligence or alleged negligence in guarding the work or through any act or omission or alleged act or omission of the Con-

tractor, a subcontractor, their employees or agents.

.    .    .    .    .

Continental provided the insurance coverage for this obligation to defend and indemnify South Jersey Gas.

In March, 1968 Angelo Simoni, an employee of Castellini, was severely injured in an accident which occurred on the premises of South Jersey Gas. The truck in which he was riding was plowing snow when it struck a raised manhole cover. Simoni instituted a tort action in the Superior Court of New Jersey, Law Division, Cumberland County, Docket No. L–19965–69, naming South Jersey Gas as one of the defendants.

South Jersey Gas then filed suit in the Superior Court of New Jersey, Chancery Division, Atlantic County, Docket No. C–3245–70 seeking a declaratory judgment to establish the rights and obligations of the parties under the indemnity clause. A default judgment was entered against Castellini for failure to answer. The chancery court in June, 1973 issued an oral opinion ruling that Continental, as insurer for Castellini, was obligated to defend and indemnify South Jersey Gas in the Simoni tort action. This judgment was never appealed.

In the interim, the tort action was dismissed as to South Jersey Gas. The trial judge relied upon the rule that a landowner is not liable to an invitee for injuries caused by a dangerous condition when the invitee comes onto the land for the purpose of rectifying that dangerous condition. This decision was appealed to the Superior Court of New Jersey, Appellate Division, Docket No. A–1906–7. In August, 1973 the appellate court reversed and remanded stating that the plaintiff came onto the land to remove snow and not to repair the protruding manhole cover. The appellate court ruled that there was a jury issue as to whether South Jersey Gas was negligent in maintaining the manhole cover on its land.

Continental attempted unsuccessfully to reopen the default declaratory judg-

ment entered against Castellini. A release was subsequently executed by South Jersey Gas in exchange for Continental's payment of $5,665.35 to cover costs which had been incurred in defending the tort action.

Continental then filed suit in the federal district court seeking a declaratory judgment that the indemnity clause did not require Castellini and Continental to defend and indemnify South Jersey Gas in the Simoni tort action. In addition to South Jersey Gas, all the parties to the Simoni tort action were named as defendants. Continental's request for an order staying the state court proceedings pending resolution of the federal declaratory judgment action was denied.

The parties to the Simoni tort action reached a settlement prior to retrial which required South Jersey Gas to pay $100,000 to the plaintiff. Continental paid this obligation on behalf of South Jersey Gas and then filed suit for restitution in the federal district court.

The declaratory judgment action has been dismissed as to all defendants except South Jersey Gas and Castellini. Pursuant to *Fed.R.Civ.P.* 42(a) the declaratory judgment action and the suit for restitution have been consolidated.

.  A.

The declaratory judgment entered by the state chancery court has the force and effect of a final judgment and is binding upon the parties in subsequent actions. N.J.S.A. § 2A:16–59; *Washington Township v. Gould,* 39 N.J. 527, 189 A.2d 697 (1963); *McCrory Stores Corp. v. Braunstein,* 102 N.J.L. 590, 134 A. 752 (E & A 1926). Continental, Castellini, and South Jersey Gas were all parties to the state chancery court action. The interpretation of the indemnity clause was a material and relevant issue and the judgment was rendered by a court of competent jurisdiction. Therefore, Continental is collaterally estopped from relitigating this issue even though the present suit involves a different cause of action. *See* 1 B. Moore's, *Federal Practice* § 0.441[2].

Plaintiff, however, contends that because of the intervening appellate court decision the doctrine of collateral estoppel should not preclude reconsideration of the indemnity clause issue. It is argued that the appellate division's finding of potential liability on the part of South Jersey Gas constituted a change in circumstances which removed the collateral estoppel effect of the prior chancery court judgment. Plaintiff implies that the chancery court interpreted the indemnity clause without realizing that negligence on the part of the indemnitee, South Jersey Gas, gave rise to the Simoni tort action.

While it is true that an intervening change in legal or factual circumstances may create new issues and thus remove the bar of collateral estoppel, *State Farm Ins. Co. v. Duel,* 324 U.S. 154, 162, 65 S.Ct. 573, 577, 89 L.Ed. 812, 818 (1945); 1 B. Moore's, *Federal Practice* § 0.448, there has been no change of circumstances shown. An analysis of the issues raised in the chancery court reveals that the decision of the appellate division was not a subsequent change in circumstances. Paragraph 11 of the complaint filed by South Jersey Gas in the state declaratory judgment action reads as follows:

11. Said Complaint [filed in the Superior Court, Law Division] further alleges that as a result of negligence of the defendant, SOUTH JERSEY GAS COMPANY, and the other defendants, ANGELO SIMONI was injured and has suffered damages. Said Complaint further alleges that ALVINA SIMONI is the wife of ANGELO SIMONI, and as a result of the aforesaid accident in which ANGELO SIMONI was injured, said ALVINA SIMONI also suffered damages.

Although the chancery court judge issued no written opinion, it is clear that in reaching his decision he was aware that the Simoni tort action charged South Jersey Gas with negligence. Thus, absent a change in circumstances, the chancery court's interpretation of the indemnity clause collaterally estops Continental from relitigating this issue.

**B.**

Plaintiff alternatively argues that this court should vacate the final judgment of the state chancery court because it was erroneous. An independent action to obtain relief from a prior state court judgment may be brought when such relief is sought on the basis of fraud, newly discovered evidence, or certain other extraordinary circumstances. *Sullivan v. Choquette,* 1 Cir., 420 F.2d 674, 676 (1969); 7 Moore's, *Federal Practice* § 60.-37[3]. Such relief, however, is not available from a federal court when the plaintiff merely seeks relitigation of questions finally decided by the state court. 7 Moore's, *Federal Practice* § 60.-37[3], pp. 637, 658. Resort to a federal court as an alternative avenue of appeal from a state court judgment is inconsistent with both the doctrine of collateral estoppel and the policy underlying the Anti-Injunction Act, 28 U.S.C. § 2283. *See Atlantic Coast Line R. R. Co. v. Brotherhood of Locomotive Engineers,* 398 U.S. 281, 90 S.Ct. 1739, 26 L.Ed.2d 234 (1970); *Hill v. Martin,* 296 U.S. 393, 403, 56 S.Ct. 278, 282, 80 L.Ed. 293, 298 (1935).

In any event, the chancery court's interpretation of the indemnity clause was not erroneous as the plaintiff contends. The indemnity clause at issue applied to "all . . . claims . . . arising out of or caused . . . in any manner by the doing of the work herein provided . . . ." The scope of the work contemplated by the contract included "all . . . services . . . required in performing all operations necessary for the complete installation of gas mains and services." Snow removal could reasonably be construed to be a service necessary for the completion of the work. In the recent New Jersey case of *Doloughty v. Blanchard Construction Co.,* 139 N.J.Super. 110, 352 A.2d 613, Superior Court of New Jersey (Law Division) (filed January 7,

1976), the court explains that an indemnity clause containing language such as "arising out of . . . the doing of the work" constitutes:

> a broad undertaking by an indemnitor to indemnify the indemnitee in respect of any damage or injury which occurs during or in connection with or as a result of the indemnitor's performance of the contracted work. Such undertakings are usually construed, consistent with what appears to be the intent of the parties, as imposing the exclusive obligation upon the indemnitor both to defend and to respond in damages irrespective of fault and irrespective of the absence of an express undertaking to indemnify the indemnitee for his own negligence. The criterion for determining the applicability of this type of indemnity clause is thus, in essence, work-relatedness without reference at all to the potential or actual common-law liability of either the indemnitor or the indemnitee to the claimant. Such an indemnity clause may, therefore, be relied upon by the indemnitee even if he is solely negligent and, *a fortiori,* if he is concurrently negligent.

*Id.* at 5–7. *See also Buscaglia v. Owens-Corning Fiberglass,* 68 N.J.Super. 508, 172 A.2d 703 (App.Div.1961); *Polit v. Curtiss Wright Corp.,* 64 N.J.Super. 437, 166 A.2d 387 (App.Div.1960); *Cozzi v. Owens-Corning Fiber Glass Corp.,* 63 N.J.Super. 117, 164 A.2d 69 (App.Div. 1960); *Stern v. Larocca,* 49 N.J.Super. 496, 140 A.2d 403 (App.Div.1958).

### C.

Therefore, Continental is bound by the state court's construction of the indemnity clause and remains liable for Simoni's claim against South Jersey Gas. Summary judgment will be granted in favor of defendants. Plaintiff's suit for declaratory judgment and restitution will be dismissed.

An appropriate order may be submitted.