THE QUINNIPIAC BREWING COMPANY *vs.* PATRICK H.
FITZGIBBONS ET AL.

Third Judicial District, New Haven, June Term, 1900.
ANDREWS, C. J., TORRANCE, BALDWIN, HAMERSLEY and HALL, Js.

*F*, an insolvent debtor, by a deed voidable by his creditors, conveyed
the equity of redemption in Blackacre, worth $3,000, to his wife,
who owned Whiteacre as her separate property, and subsequently
joined her in a *bona fide* mortgage of both tracts to *H*, the proceeds
of which were expended upon land of which the wife was sole owner.
The plaintiff, a judgment creditor of *F*, had acquired the outstand-
ing mortgages on Blackacre and had foreclosed his judgment lien
thereon, as against *F* and his wife, and now sought to compel *H*
either to exhaust his security against Whiteacre before resorting to
Blackacre, or to assign his mortgage, covering the two tracts, to
the plaintiff, upon receiving payment in full. *Held* that as between
*F* and his wife on the one hand, and *F*'s creditors on the other, it
was her duty to exonerate Blackacre from *H*'s mortgage and thus
render it available to the plaintiff; and that upon her neglect or re-
fusal to do this, the plaintiff might pay *H* the amount of his claim
and thereby become entitled to an assignment of his note and mort-
gage.
As a general rule a court of equity will not marshal securities between
two creditors unless it appear that they are creditors of the same
debtor, that there are two funds belonging to that debtor, and that
but one of them has the right to resort to both funds.

Argued June 12th—decided September 17th, 1900.

ACTION to foreclose three mortgages, to have another mort-
gage declared null and void as to the plaintiff's lien, and for
other equitable relief, brought to the Superior Court in
New Haven County and reserved by that court, *George W.
Wheeler, J.*, upon an agreed finding of facts, for the consider-
ation and advice of this court. *Judgment advised for the
plaintiff.*

The complaint contains four counts. The first three ask
for the foreclosure of three mortgages upon two pieces of
land formerly owned by Fitzgibbons, which mortgages were
given by him to the Derby Savings Bank and have been by
it assigned to the plaintiff. The fourth alleges, in substance,

that the plaintiff is now the owner of the equity of redemption in the land covered by said three mortgages; that said lands, and certain other lands of the wife of Fitzgibbons, are also covered by a certain mortgage made to said bank by Fitzgibbons and his wife, subsequent to said first three mortgages, which last mortgage is now owned by the Home Trust Company. The complaint asks (1) that this last mortgage be declared void as against the plaintiff; or (2) that the holder thereof shall collect the same out of the lands of the wife alone; or (3) that the plaintiff may be allowed to pay the amount due on said mortgage and have the same assigned to it by the holder thereof.

It is agreed that the plaintiff is entitled to a foreclosure of the three mortgages described in the first three counts, and the questions in the case arise solely upon the fourth count.

The controlling facts in the case are in substance these: Fitzgibbons and his wife intermarried in 1893. He was a liquor dealer in Ansonia from 1882 to 1896. On the 30th day of January, 1895, he owned two pieces of land, called herein lots $A$ and $B$. These lots were then subject to the three mortgages aforesaid. At this time his wife owned two pieces of land in her own name and right, called herein lots $C$ and $D$. She also had as her own, on deposit in said bank, $2,000. Prior to this time Fitzgibbons and his wife had contemplated the purchase of a piece of land called the Bridge Street lot, hereinafter called lot $E$, for the purpose of reducing the rental expenses of Patrick in his said business. The price of lot $E$ was $4,500. In order to purchase lot $E$ it became necessary to obtain a loan of $3,350, and the Derby Savings Bank was asked to make that loan. The bank refused to make it unless a mortgage was given to secure it, covering lots $A$, $B$, $C$, $D$ and $E$, and unless the title to all of said lots should stand in the name of the wife alone. Accordingly, on the 30th day of January, 1895, Fitzgibbons caused his right and title in lots $A$ and $B$ to be conveyed to his wife, subject to said three mortgages; and subsequently lot $E$ was purchased and the title thereto taken in her name alone. She thus held the legal title to lots $A$, $B$, $C$, $D$ and

*E.* After this, in November, 1895, Fitzgibbons and his wife executed and delivered to the Derby Savings Bank their joint and several note for the sum of $3,350, and to secure it gave to the bank a mortgage, executed by both, covering all of said lots. The wife then drew out the $2,000 she had in the bank, and used it, with the $3,350 loaned by the bank, in paying the purchase price of lot *E*, and in altering over and improving the property so purchased.

At the time Fitzgibbons conveyed his land to his wife as aforesaid, the value of his equity therein was $3,100. Subsequently said conveyance was by this court held to be void as against the plaintiff, for the reasons stated in the case of *Quinnipiac Brewing Co.* v. *Fitzgibbons,* 71 Conn. 80.

In January, 1896, Fitzgibbons made an assignment in insolvency under the laws of this State, a trustee upon his estate was appointed, and such proceedings were therein and thereafter had that the final account of said trustee was accepted in May, 1896. Said trustee neglected and refused to take any steps to set aside the conveyance aforesaid from Fitzgibbons to his wife.

In June, 1896, the plaintiff, a creditor of Fitzgibbons, attached lots *A* and *B*, in certain suits against him, and subsequently recovered judgment therein, and filed judgment liens upon said judgments against lots *A* and *B*. Afterwards the plaintiff brought suit against Fitzgibbons and his wife to foreclose said liens, and obtained judgment of foreclosure therein against them both in November, 1898, and they failing to redeem, the title to lots *A* and *B*, as to them, became absolute in the plaintiff, who duly filed a certificate of that fact as required by law. Just prior to the judgment of foreclosure aforesaid, the plaintiff requested the Derby Savings Bank, then the holder of said mortgage for $3,350, to sell and assign said mortgage and note secured thereby, to the plaintiff, upon payment of the amount due thereon, but, at the request of Fitzgibbons and his wife, the bank refused to do so. Subsequently they requested the bank to sell and assign said note and mortgage to William S. Downs,

and this was done, and then Downs sold and assigned the same to the Home Trust Company, the present holder thereof.

In making the note and mortgage for $3,350, Fitzgibbons and his wife and the bank acted in entire good faith and without any fraudulent intent or purpose whatsoever; as did the bank, Downs, and the Home Trust Company, in making the purchase and sale of said note and mortgage.

It is agreed that lots $C$ and $D$ are now worth $2,000 and that lot $E$ is worth $5,000.

In conveying his property to his wife as aforesaid, Fitzgibbons had no corrupt motive or fraudulent intent to cheat or defraud his creditors, present or future, but acted in good faith and upon the advice of the treasurer of the Savings Bank, who refused to make the loan unless said conveyance was made.

The main purpose of the wife in purchasing lot $E$ was to aid her husband in his business, by providing a suitable place there for a dwelling-house for both, and thereby save $600 a year which he had been paying for rent.

The Derby Savings Bank had full knowledge of all the circumstances under which its mortgage was made, and the Home Trust Company is chargeable with all the knowledge the bank had of such circumstances, at the time it took the assignment of said mortgage.

*V. Munger* and *Frederick W. Holden*, for the plaintiff.

*William S. Downs*, for the defendants.

TORRANCE, J. The relation of the principal parties in this case to each other, and to the property described in the complaint, may be briefly stated in this way: In January, 1895, Fitzgibbons was the owner of lots $A$ and $B$, worth $3,100 over and above the mortgages placed by him thereon, and by a conveyance, which was voidable as against the plaintiff, he then transferred said lots to his wife. Subsequently, in 1895, he and his wife, by a deed in which both joined, mortgaged said lots $A$ and $B$, the title to which then stood in the wife's

name, and also lots *C, D* and *E*, which last three were her sole property, to the Derby Savings Bank, to secure a loan of $3,350, the entire proceeds of which loan were used by the wife in the purchase and improvement of lot *E*. After this, the plaintiff, having obtained judgment against Fitzgibbons and a judgment lien thereon upon lots *A* and *B*, foreclosed said lien as against Fitzgibbons and his wife, and is now the sole owner of said lots, subject to the three mortgages thereon, which the plaintiff now owns, and also to said mortgage of $3,350 to the Derby Savings Bank, now held by the Home Trust Company.

When the present suit was commenced, then, the plaintiff was the owner of lots *A* and *B;* Mrs. Fitzgibbons was the owner of lots *C, D* and *E;* and the Home Trust Company was the holder of the Derby Savings Bank mortgage, which covered the entire five lots.

In one of its claims for relief, which was however not pressed in argument, the plaintiff asks that the mortgage held by the Home Trust Company be declared void, as against the plaintiff, as the owner of lots *A* and *B*, but, upon the facts agreed to, it is clearly not entitled to that relief. That mortgage was made by both Fitzgibbons and his wife, at a time when one or the other, or both, owned lots *A* and *B;* it was made in good faith and for money then actually loaned; and it was made long before the plaintiff had any interest whatever in lots *A* and *B*. That mortgage is a valid one, upon the agreed facts, upon all the land covered by it, and the plaintiff holds lots *A* and *B* subject to said mortgage.

It being conceded that the plaintiff is entitled to a foreclosure of the three mortgages described in the first three counts of the complaint, the important question in the case is whether it is entitled to the relief sought under the fourth count. Under that count the plaintiff asks for, what is called in its brief, a marshalling of the securities held by the Home Trust Company, in such a way as to relieve, as far as may be, lots *A* and *B* from the mortgage held by that company; in other words, that the Home Trust Company shall be compelled to exhaust lots *C, D* and *E*, before resorting to lots *A*

and *B ;* and if it cannot have this relief, then it asks that the Home Trust Company shall be ordered to assign its mortgage to the plaintiff upon payment by the plaintiff of said mortgage debt and interest in full. Whether the plaintiff is entitled, as against the Home Trust Company, to have the securities thus marshalled, is the first question.

" In general usage the term ' to marshal ' means to arrange or rank in order ; in the sense in which it is used in courts of equity, it means so to arrange different funds under administration that all parties having equities thereon may receive their due proportions." 8 Ency. of Laws of Eng. p. 227. The principle applied in such cases is that he who has a right to resort to two funds, in one of which alone another has a subsidiary interest, shall be compelled to exhaust the one to which the other cannot resort, before coming upon the one in which both have an interest. *Savings Bank* v. *Creswell,* 100 U. S. 630, 641 ; *Ayres* v. *Husted,* 15 Conn. 504, 516 ; 3 Pom. Eq. Juris. § 1414. As a general rule, however, before a court of equity will marshal securities between two persons, it must appear (1) that they are creditors of the same debtor, (2) that there are two funds belonging to that debtor, and (3) that one of them alone has the right to resort to both funds. 2 Sw. Dig. (1st ed.) p. 155 ; *Ayres* v. *Husted, supra,* 516 ; *Stevens* v. *Church,* 41 Conn. 369 ; 3 Pom. Eq. Juris. § 1414 ; 8 Ency. of Laws of Eng. p. 228. Thus, it is said that if *A* holds a claim against *C* and *D,* secured by a mortgage upon the lands of each, and *B* has a claim against *C* alone, secured by a second mortgage upon *C's* land subject to *A's* mortgage thereon, *B* has no right to ask that *A* shall be compelled to exhaust *D's* land before resorting to the land of *C,* because *A* and *B* are not creditors of the same debtor, and the two funds do not belong to the same debtor ; but if in such a case some equity exists which would give *C* the right to insist that *D* should pay the entire debt—as if *C* were a mere surety for *D*—then *B,* as claiming under *C* and through that equity, would have the right to ask that *A* should exhaust *D's* land before resorting to the land of *C.* See the illustrations given, and authorities cited, in *Ayres* v. *Husted, supra,* pp. 516, 517.

Upon this view of the law and upon the facts in this case, it may be, as the defendants claim, doubtful whether the plaintiff, as against the Home Trust Company, is entitled to the form of relief now under consideration. That question it is however unnecessary to decide here, for we are satisfied that the plaintiff is entitled to the other relief which it seeks, and that this relief is sufficient under the circumstances.

For the purposes of this case the plaintiff must still be regarded as a creditor of Fitzgibbons. If lots *A* and *B*, which the plaintiff now owns, had not, when foreclosed by it, been subject to the mortgage now held by the Home Trust Company, the plaintiff's debt would have been paid by the land; but as the land was subject to that mortgage the plaintiff's debt exceeded the value of the equity taken, and unless the plaintiff can have lots *A* and *B* relieved from that mortgage, its debt is not paid in full, and it still may be regarded, notwithstanding the foreclosure of its judgment liens, as a creditor of Fitzgibbons. *Ansonia National Bank's Appeal*, 58 Conn. 257. The plaintiff's debtor, Fitzgibbons, does not now own any property, and unless the plaintiff can satisfy its judgments out of lots *A* and *B*, it cannot satisfy them at all. The Home Trust Company holds security upon lots *A* and *B*, and also upon land of Mrs. Fitzgibbons, which latter is alone worth double the value of the mortgage debt.

As between the plaintiff and Fitzgibbons, his wife must in equity be regarded as the sole debtor of the Home Trust Company; for the loan was made to her, she received the money, and she expended it in the purchase of property of which she is now the sole owner and in which her husband has no interest whatever that can be reached by his creditors. It is true that her husband joined with her in the mortgage deed and note, and is legally liable with her for the mortgage debt; but in equity, and as between themselves and this plaintiff, the husband is a mere surety for her. Equitably it is her debt alone, and it is her duty to pay it, and to exonerate lots *A* and *B* therefrom. *Kennelly* v. *Kelly*, 51 Conn. 329.

The defendants claim that upon the agreed facts the husband could not compel the wife to exonerate lots *A* and *B*

from the Home Trust Company mortgage, and that the plaintiff, claiming under the husband, stands in no better position. While the first of these claims may be true the last is not. The husband could not obtain such relief, simply because he had conveyed lots A and B to his wife, and as between themselves that conveyance was valid and as to her he had no further interest in said lots. Had he, as to her, continued to be the owner of said lots, and had then mortgaged them as surety for her sole debt, we think he could have compelled her to exonerate them from the mortgage. Now, as between the husband and wife and his creditors, lots A and B continued to be the property of the husband alone; and his creditors, acquiring an interest therein under him, stand where he would have stood if he had not made the conveyance to his wife at all. Under such circumstances the plaintiff is entitled to relief where the husband might not be.

It thus appears that the Home Trust Company holds a mortgage upon lots A and B; that as between Mrs. Fitzgibbons and the plaintiff claiming an interest in said lots under her husband, it is her duty to exonerate said lots from said mortgage; and that she in effect refuses to do this, and the Home Trust Company refuses to assign said mortgage to the plaintiff on payment in full of the debt secured thereby. Under these circumstances we think the plaintiff is entitled to have an assignment of the mortgage upon payment of the mortgage debt to the Home Trust Company.

The Superior Court is advised that the plaintiff, upon paying the debt in full due to the Home Trust Company under the note and mortgage now held by said company by *mesne* assignments from the Derby Savings Bank, is entitled to an assignment of said note and mortgage from the Home Trust Company, and that the court should render judgment accordingly.

In this opinion the other judges concurred.