[Civ. No. 4677. Second Appellate District, Division Two.—January 23, 1928.]

HARRY A. JAMES, Respondent, v. CHARLES J. HALL et al., Appellants.

Will D. Gould and Norman T. Mason for Appellants.

Alfred W. Hare and Albert E. Dunning for Respondent.

VALENTINE, J., *pro tem.*—This is an action brought under section 1060 of the Code of Civil Procedure, entitled "Declaratory Relief." The appeal is from the judgment declaring plaintiff's rights in and to certain moving picture films and productions.

The appellants contend that this is not an action for declaratory relief, but is an unclassified proceeding and unknown to law or equity, and that the complainant does not state a cause of action, and cite section 24, article IV, of the constitution.

There is no merit in this contention nor in appellants' arguments to sustain it.

The supreme court of California in *Blakeslee v. Wilson*, 190 Cal. 479 [213 Pac. 495], decided that section 1060 of the Code of Civil Procedure was constitutional and in an opinion by Justice Waste (now Chief Justice), concurred in by the entire court, gives a comprehensive review of the subject of declaratory relief and of sections 1060, 1061, and 1062 of the Code of Civil Procedure (Stats. 1921, chap. 463, p. 689), providing for declaratory relief in the state of California.

That was an action brought by the plaintiff for a declaration of his rights under certain contracts of employment entered into with the defendants. A general and special demurrer to the complaint was sustained without leave to amend, and judgment entered dismissing the action and for costs. This judgment was reversed.

That case is so easily accessible and contains such a comprehensive discussion of the subject, and so fully answers appellants' contentions as to section 1060 of the Code of Civil Procedure upon this appeal that we deem it sufficient to adopt it as a part of this opinion by reference and only to consider the slight difference in the points involved, and call attention to the analogies. In that case the record disclosed an "actual controversy relating to the legal rights and duties of the respective parties." So does the record in the instant appeal. In that case it was urged that the sections of the code (above) impose nonjudicial duties upon the courts, thereby rendering the act unconstitutional; that in effect is appellants' contention here.

In that case the objection was also made that there is nothing in the act giving the declaration of the court the effect of a *lis pendens;* in the instant appeal it is urged by appellants that there has been no repeal of any sections of the code by the enactment of section 1060, and that the statute of limitations and the statute of frauds still remain unchanged and function the same, notwithstanding such an enactment, and that "declaration" or judgment of the trial court is in effect a decree for specific performance.

The court says (in *Blakeslee* v. *Wilson, supra*) : "None of these objections is sound." As affecting the instant appeal, the same is true here.

In the instant appeal the findings of the court must be examined as to whether the evidence sustains them and whether they sustain the judgment, but that is another matter. There is no merit in appellants' contention that the complaint fails to state a cause of action and that the demurrers should be sustained, nor in the objection that the motion for nonsuit should have been granted.

Appellants contend that no defaults should have been allowed and that the motion to set aside the defaults should have been granted, because, first, the defendants appeared by demurrers and answers; second, because no service of summons was made on defendants defaulted; and, third, because the complaint does not state a cause of action.

The third point has already been disposed of. If appellants' first contention be true, that the defendants ap-

peared by demurrers and answers, then there is no force in the second contention, that they were not served with the summons. ■ Voluntary appearance is equivalent to personal service. (*Estate of Piercy*, 168 Cal. 755, 759 [145 Pac. 91].)

■ The record discloses that on the ninth day of August, 1922, the plaintiff filed his complaint in the above-entitled action and that the summons, with a copy of the complaint, was delivered to defendants Charles J. Hall, Will D. Gould, and Edward H. Hall, a minor, by the clerk of attorneys for the plaintiff without comment, and, within the time allowed by law, said defendants served and filed their demurrers and answers to the complaint, said minor appearing by his guardian *ad litem* duly appointed; that the demurrers were overruled and the case set for trial and was tried before Hon. Wm. D. Dehy sitting in department 4 of said superior court, on April 4, 5, and 6, 1923; that at the trial the plaintiff introduced evidence both oral and documentary and rested the case, and thereupon the defendants, and each and all of them, moved for a nonsuit, which was granted as to defendants Will D. Gould and Edward H. Hall, and thereupon the following statements and proceedings were had in open court, to wit:

"Mr. Dunning: I take it that the Bone-Dry Federation remains?

"The Court: I understood there is a default judgment against that defendant.

"Mr. Gould: We challenge the default judgment. There has never been a service on us and I don't see how the sheriff could report service. If there is any default judgment we ask that it be set aside and vacated now and we include in the motion for nonsuit the Bone-Dry Federation, because we do not want to leave a tangle there.

"The Court: On that last proposition we will open that tomorrow and look over the return of summons.

"Mr. Hare: Before the ruling is made on that we would want to produce the proof of service. . . . "

The declaration of the attorneys for plaintiff then made in open court was based alone upon the statement in the affidavit of said clerk of the attorneys for the plaintiff, to wit:

"Name of Defendants Served.           Date of Service.

    Charles J. Hall .......................Aug. 10, 1922.

    Will D. Gould .......................Aug. 10, 1922.

    Bone-Dry Federation, a voluntary asso-
       ciation, by service upon Will D. Gould
       and Charles J. Hall as president and
       secretary and treasurer respectively ..Aug. 10, 1922.

    Charles J. Hall & Son, a partnership,
       by service upon Charles J. Hall, one
       of the partners ....................Aug. 10, 1922.

"My fees for service are $2.00.

"Sept. 11, 1922.

                        "DONALD M. REDWINE."

No other service of summons appears of record in said action.

That in accordance with the suggestion of the court, upon the convening of the court the day following, the attorney for the defendant made a motion to set aside the defaults of the Bone-Dry Federation, a voluntary association, and Charles J. Hall and Son Productions, a copartnership, on the ground of insufficient and inadequate service of said defendants. Upon hearing arguments thereon, the court denied said motion and suggested to counsel for the appearing defendants that the proper way to make a motion for setting aside said defaults is upon affidavits and the five days' notice required by the law. It appears that the entry of said default is in the words and figures as follows:

"In this action the defendants Bone-Dry Federation, a voluntary association, and Charles J. Hall and Son Productions, a copartnership, having been regularly served with process, and having failed to appear and answer the plaintiff's complaint, on file herein and the time allowed by law for answering having expired, the default of said defendants, in the premises is hereby duly entered according to law.

"Attest my hand and seal of said court, this 13th day of October, 1922.

           "L. E. LAMPTON, County Clerk.

                "By S. COLE, Deputy."

Notices of motions to set aside the defaults of defendants Bone-Dry Federation and Charles J. Hall and Son Produc-

tions were given and made by appearing defendants, Will D. Gould, Charles J. Hall, and Edward H. Hall, together with their several affidavits, on April 11, 1923.

Said motions, each and all of them, came on regularly for hearing in department 16 of said court on April 19, 1923, and were heard orally on that day, and the court ruled that defendants would be required, according to section 473 of the Code of Civil Procedure, to accompany their said motions with copies of their proposed amended answers, and thereupon allowed the defendants five days to file amended and supplemental motions without waiving the motions already made and to accompany said motions by copy of said proposed amended answers and to file briefs in said matter within five days, and thereupon case to stand submitted.

Notices of motions to set aside defaults and alleged judgment and to amend answers and for leave to file amended answers of the several defendants were duly served and filed in said matter on the eleventh day of April, as aforesaid, and briefs of the respective parties were duly served and filed within said time, and thereupon the matter stood submitted on said twenty-fourth day of April, 1923, instead of on April 26, 1923 [sic], and thereafter on the second day of May, 1923, said motions and all of them were denied by the court.

The several notices of motions and affidavits and amendments and supplements and proposed amended answers were similar and alike except as to names and the affidavits of the minor alleging the fact that he had become of the age of twenty-one years prior to the trial.

The foregoing shows the careful and painstaking attention on the part of the trial court and the judge sitting in the law and motion department. We find no error in the rulings nor abuse of discretion in the decision. (*Morrissey* v. *Gray*, 162 Cal. 638 [124 Pac. 246]; *Colquhoun* v. *Pack*, 28 Cal. App. 319 [152 Pac. 319].)

■ Appellants contend that the complaint alleges that the action is based upon an oral contract or agreement and claims that it involves more than $200, and is in violation of paragraph 4 of section 1624 of the Civil Code, and is void. A full and sufficient answer to this contention is found in the fact that it was alleged, and determined by

the trial court, that the plaintiff had fully performed all of the things to be performed by him, which was sufficient to take it out of the statute. The statute of frauds has no application to an executed oral agreement. (*Freitas* v. *Freitas*, 31 Cal. App. 16, 19 [159 Pac. 611, 613]; *Bates* v. *Babcock*, 95 Cal. 479, 488 [29 Am. St. Rep. 133, 16 L. R. A. 745, 30 Pac. 605].)

As to appellants' assignment of error that the court erred in adjudging a partnership between the defendants or any of them, the court made no such adjudication. The judgment merely declared:

"That plaintiff is the owner of an undivided one-fourth interest in and to the motion picture film and production, formerly known as 'The Trumpet Call,' later known as 'Loyalty,' and now known as 'When Right Meets Might.' Said interest to be free from all indebtedness and encumbrances."

There is no force in appellants' argument that this is a "judgment that the property is owned by partners, one-fourth by the plaintiff and three-fourths by the defendants."

It is true that the court in its findings of fact says: "That at all times mentioned in the plaintiff's complaint said defendant Bone Dry Federation was a co-partnership between Will D. Gould and Charles J. Hall, two of the defendants herein who did business under the fictitious firm name of Bone Dry Federation," but this is far different from a partnership between plaintiff and defendant. As an error in a statement of fact, assuming it to be such, it was not an error prejudicial to appellants from which they suffered any substantial injury, nor any injury—but appellants do not raise this question; they complain that the court erred in adjudging a partnership and, as stated above, the court made no such adjudication.

Finally, appellants specify as error of law that the trial court erred in giving and making a decree and judgment that "defendants, their attorneys or other representatives are and each of them is hereby enjoined from transferring or in any manner disposing of the undivided one-fourth interest in and to said motion picture film and production which is hereby declared to be the property of plaintiff herein."

It may be inferred that appellants intended to raise the question of the power of the court in an action under section 1060 of the Code of Civil Procedure to grant injunctive relief. We think this an insufficient presentation of the point, unsupported as it is by argument or authority directed to the question involved. In *People* v. *Chutnacut*, 141 Cal. 682 [75 Pac. 340], cited in *People* v. *Zarate*, 54 Cal. App. 372, 375 [201 Pac. 955, 956], the supreme court says: "If counsel will not take the time to point out . . . the law which he invokes, we will not do so." If such an inference as to appellants' intention should be without foundation, then all that we might say on the subject would be mere *obiter dictum*.

██ We are also of the opinion that the relief here granted is purely ancillary to the relief sought and decreed and is expressly provided for in the code section under consideration. The allegations and proof were sufficient to support it.

Judgment affirmed.

Works, P. J., and Thompson, J., concurred.