[Civ. No. 8154. First Appellate District, Division Two.—January 4, 1932.]

SAMUEL F. BARD, Appellant, v. STANDARD MORTGAGE CORPORATION (a Corporation) et al., Respondents.

Samuel W. Newman for Appellant.

Woodruff, Musick & Hartke, Clyde R. Burr and Clyde H. Morrill for Respondents.

NOURSE, P. J.—Plaintiff sued in equity to restrain the sale of real property under foreclosure of a trust deed and to compel the marshaling of assets held by defendant California United States Bond & Mortgage Corporation. Plaintiff also asked for declaratory relief. From a judgment for defendants the plaintiff appeals on typewritten transcripts.

The conclusion of the trial court that plaintiff was not entitled to a marshaling of the assets was based upon findings of fact which are not attacked upon this appeal. No part of the evidence touching this issue is printed, hence the question on this appeal becomes solely a question of the legal soundness of this conclusion based upon facts as found, and is to be determined in the same manner as if the appeal were taken upon the judgment-roll.

Upon this issue the trial court found:

That on July 25, 1927, the record title to the property was in defendant Leroy Montgomery; that prior to that time he had executed a deed conveying the property to John H. Coverley; that this deed had been delivered but was not recorded until December 4, 1928; that prior to July 25, 1927, Coverley had negotiated with Armstrong and Wright and, as a result thereof, the premises were leased by Montgomery to Armstrong and Wright for a period of twenty-five years at a total rental of $425,000; that Armstrong and Wright agreed to erect an apartment house on the premises, and for that purpose, obtained a loan of $315,000 from the Mortgage Guarantee Company secured by a deed of trust covering both the fee and the leasehold interest; that thereafter a second loan in the sum of $105,000 was made by Coverley, secured in the same manner, and Wright entered into a contract with appellant whereby the latter agreed to construct an apartment house on the premises for the sum of $545,000; that thereafter Wright executed a series of promissory notes in the total sum of $125,000 in favor of appellant, all of which were secured by deed of trust *covering the leasehold interest alone,* and all of which were made subordinate to the liens of the $315,000 and $105,000 loans which covered both the fee and the leasehold; that as a part of the arrange-

ment for the $105,000 loan to Wright and Armstrong, they paid to Coverley $43,000 to apply as rent for the first, twenty-fourth and twenty-fifth years of the term; that, in order to raise the funds to make the $105,000 loan to Wright and Armstrong, Coverley, on July 29, 1927, executed his promissory note in that amount in favor of Standard Mortgage Corporation and, to *indemnify* the mortgage company against loss upon this and other obligations of Coverley to that company, Coverly took out certain policies of life insurance in which the mortgage company was named as beneficiary; that these obligations of Coverley were assigned to the California United States Bond & Mortgage Company; that Coverley died on December 6, 1928, and the proceeds of these policies amounting to $69,509.40 were paid to that company; that the lessees defaulted in the payment of the rent on the premises and the lease was duly terminated on October 26, 1928; that prior to the death of Coverley, but subsequent to the termination of the lease, default occurred on the $105,000 obligation and proceedings were duly instituted to foreclose the trust deed covering that obligation. Before a sale was had under said proceedings this action was commenced to restrain the sale.

■ Manifestly, upon these facts, the only proper conclusion is that made by the trial court because the parties are not creditors of the same debtor and because there are not two funds belonging to a common debtor to which funds one of the creditors alone may resort. The application of the doctrine of marshaling of assets is fully considered in *McCarthy* v. *Kurkjian,* 65 Cal. App. 569, 574 [224 Pac. 1016, 1019], where the court say: "That before a court of equity will marshal securities between two persons it must appear: First, that they are creditors of the same debtor; second, that there are two funds belonging to that debtor; third, that one of them alone has the right to resort to both funds. These principles are sustained by the following authorities: *Quinnipiac Brewing Co.* v. *Fitzgibbons,* 73 Conn. 191 [47 Atl. 128, 130]; *Robinson* v. *Lehman,* 72 Ala. 401, 404; *Stevens* v. *Church,* 41 Conn. 369; *Brooks* v. *Rice,* 56 Cal. 428; *Kent* v. *Williams,* 114 Cal. 537 [46 Pac. 462]; *Blair* v. *Ward,* 10 N. J. Eq. 125."

The application of this doctrine to the present case is plain. Coverley was the debtor of the mortgage company

upon two promissory notes, one of which was secured by a deed of trust upon the fee and the leasehold interest, the other was partially secured by collateral. Wright, the lessee, was the debtor of the appellant upon a note secured by the leasehold alone. Coverley was in no way obligated to the appellant upon this obligation.

It is argued that the trial court erred in failing to declare all the rights of the parties as prayed in the complaint. In this connection it is said that it might have been possible that the leasehold estate had been terminated through some fault of the lessor and, if so, the lessee would have been entitled to a refund of prepaid rentals, and hence the appellant would have become a creditor of Coverley. But, we have no evidence that would have justified such a finding, and it needs no citation of authority to the point that when an appellant claims error, he must show it. His right to sue for declaratory relief is covered by section 1060 et seq. of the Code of Civil Procedure. Section 1061 authorizes the court to deny the relief when its declaration "is not necessary or proper at the time under all the circumstances". In the absence of a showing to the contrary we must assume that the trial court properly exercised its discretion in this respect.

Criticism is also made of the failure to find that Coverley was indebted to appellant in the sum of $35,000 for money loaned. It is not suggested that this obligation was secured in any way or that it had any connection with any of the securities upon which the parties rely. If this obligation was not secured we cannot see how it has any bearing upon the issue of marshaling of assets as it is presented under the facts of this case which is confined to a case where the creditors have successive liens upon the same property, the one prior in right having other securities. (Story on Equity, sec. 853 et seq.) Furthermore, the appellant did not plead that Coverley was indebted to him in this amount and any testimony relating to the so-called loan was outside the issues.

The judgment is affirmed.

Sturtevant, J., and Spence, J., concurred.