[Civ. No. 9543. First Appellate District, Division One.—January 3, 1936.]

SUNSET SCAVENGER CORPORATION (a Corporation), Appellant, v. FLORENCE ODDOU, Respondent.

94

Hadsell, Sweet, Ingalls & Lamb and Francis Carroll for Appellant.

George K. Ford and Francis N. Foley for Respondent.

GRAY, J., *pro tem.*—Plaintiff sued for declaratory relief under the provisions of section 1060 of the Code of Civil Procedure but was denied such relief under the provisions of section 1061 of the same code. This appeal questions the propriety of the court's refusal to grant the requested relief. The issues and facts are few and simple as will appear from the following synopsis of the pleadings and evidence.

The complaint alleged that defendant was injured in a collision between a street car and an auto-truck owned and operated by plaintiff; that, in consideration of $320.75 paid, defendant executed the covenant not to sue, attached as an exhibit; that such covenant remains in full force and effect; that defendant had served upon plaintiff a notice of rescission and has ever since claimed that such covenant has been rescinded; that the grounds of rescission were mistake, undue influence, duress, menace and fraud, but that such covenant was entered into without the existence of any of such grounds; and that plaintiff desires a declaration of its rights under the covenant and brings the action for such purpose. The prayer asked a judgment declaring plaintiff's rights under the covenant, establishing its validity and enjoining defendant from asserting its invalidity. The answer merely denied that the covenant was ever valid or of any force or effect or that the grounds of rescission were limited to those stated in the complaint. By way of an affirmative defense, it alleged that previously defendant had filed a complaint to re-

cover damages for injuries sustained in the collision; that previously plaintiff had filed an answer thereto; that plaintiff, although it had an opportunity so to do, had failed to plead the covenant as a defense; that the declaration prayed was not necessary or proper; and that the covenant constituted a defense and counterclaim, existing at the time of filing its answer, which was waived by failure to plead.

·At the trial, plaintiff introduced into evidence the covenant not to sue, and the complaint and answer in the negligence case, referred to in the present answer, and then rested. Defendant offered ·no evidence. The complaint for damages charged that the present plaintiff and its employee so negligently operated its auto-truck as to cause it to collide with a street car upon which the present defendant was riding as a passenger, thereby inflicting upon her specified injuries to her damage in stated sums. Plaintiff's answer thereto denied negligence, injuries and damages and affirmatively pleaded contributory negligence. The court found that defendant had been injured in the collision; that for the consideration of $320.75 she had executed the covenant pleaded; that she had served notice of rescission, set forth *in haec verba;* and that she had commenced the action to recover damages from plaintiff and its employee. It further found "that a declaration or determination of rights under and with reference to said covenant not to sue is not necessary or proper under all of the circumstances". Judgment in favor of defendant was entered accordingly.

■ Said section 1060 provides in part as follows: "Any person interested . . . under a contract . . . may, in cases of actual controversy relating to the legal rights and duties of the respective parties, bring an action . . . for a declaration of his rights and duties in the premises, including a determination of any question of . . . validity arising under such . . . contract." Under this section the court was authorized to determine whether the covenant was valid or had been rescinded (*Frasch* v. *London & Lancashire F. Ins. Co.,* 213 Cal. 219 [2 Pac. (2d) 147]), but this it refused to do. ■ Said section 1061 reads as follows: "The court may refuse to exercise the power granted by this chapter in any case where its declaration or determination is not necessary or proper at the time under all the circumstances." This section invests the trial court with discretionary power in entertaining

an action for declaratory relief and its refusal so to do is not reviewable upon appeal, except for abuse of discretion. (*Cutting* v. *Bryan*, 206 Cal. 254 [274 Pac. 326].) The court is not required to speculate as to matters not presented by the pleadings or the evidence. It is the duty of the appellant to present a record which shows that relief was improperly refused, and, in the absence of a showing to the contrary, the appellate court must assume that the trial court properly exercised its discretion. (*Bard* v. *Standard Mortgage Corp.*, 119 Cal. App. 509 [6 Pac. (2d) 582].) "A suit for a declaratory judgment is a discretionary remedy (Civil Practice Act, sec. 473), which may be withheld if existing forms of action are reasonably adequate." (*Newburger* v. *Lubell*, 257 N. Y. 383 [178 N. E. 669].) ■ If the covenant could have been pleaded as a defense in the negligence action, the court properly refused to exercise its power of declaratory relief. (*Welfare Investment Co.* v. *Stowell*, 132 Cal. App. 275 [22 Pac. (2d) 529].) Or, if plaintiff had a speedy and adequate remedy in an action on the covenant in which the questions of validity and rescission could have been determined, the court had discretion to refuse to accept jurisdiction on the ground it was unnecessary. (*Stenzel* v. *Kronick*, 102 Cal. App. 507 [283 Pac. 93].) ■ The province of a declaratory judgment does not include the declaration of remedies available to the plaintiff for the assertion of his rights as declared. (*Bartlett* v. *Lily Dale Assembly*, 139 Misc. 338 [249 N. Y. Supp. 482].) A declaratory judgment is not a proper mode of determining the sufficiency of legal defenses to a pending action. (*Slomach Realty Corp.* v. *Leopold*, 236 App. Div. 330 [258 N. Y. Supp. 500].)

A discussion of the wording of the agreement executed by the defendant is unnecessary, for admittedly it was correctly designated by the parties in their pleadings as a covenant not to sue. ■ A covenant not to sue a sole tort-feasor is, to avoid circuity of action, considered in law a release and may be so pleaded in an action against such tort-feasor. But a covenant not to sue one of several tort-feasors cannot be so pleaded by the covenantee, who must seek his remedy in an action for breach of the covenant. (*Matthey* v. *Gally*, 4 Cal. 62 [60 Am. Dec. 595]; *Hawber* v. *Raley*, 92 Cal. App. 701 [268 Pac. 943].) The parties differ as to which of these two alternative rules is here applicable, the defendant claim-

ing the first upon the argument that plaintiff was the sole tort-feasor involved in the collision, and plaintiff contending for the second upon the theory that the street car company was also responsible for the collision. Neither party offered any direct evidence at the trial as to the happening of the accident, so it was impossible therefrom to determine the street car company's negligence. An inference of such negligence might have been drawn from the fact that defendant was its passenger at the time of the collision, but such inference could have been dispelled by proof as to the manner in which the collision occurred. (4 Cal. Jur. 990.) However, the failure of her complaint to charge the street car company with negligence clearly negatives any claim on defendant's part that its negligence contributed to her injuries. The assertion in her present answer that the covenant could have been pleaded as a defense in the negligence action necessarily implies that she did not claim that the street car company was liable. The covenant would estop plaintiff and defendant from denying the former's liability (*Hawber* v. *Raley, supra*), but would not affect the assertion or denial of the street car company's liability. The evidence in the present case does not show that the street car company was a joint tort-feasor, and if it were not, the covenant was a complete defense in the negligence case. (*Drinkhouse* v. *Van Ness*, 202 Cal. 359 [260 Pac. 869].)

Plaintiff argues that an action on the covenant does not provide it with a speedy and adequate remedy, because it would be required, prior to bringing such action, to expend attorney's fees and costs in defense of the negligence case and to satisfy any judgment recovered therein. Hence it strenuously contends that it was entitled to an injunction restraining defendant from breaching the covenant not to sue.

This contention is based upon a misconception of the nature and purpose of a declaratory judgment. Its purpose is to declare rights rather than to execute them. (*Aetna Life Ins. Co.* v. *Richmond*, 107 Conn. 117 [139 Atl. 702].) Such a proceeding can only be invoked to declare rights and not to determine or try issues. (*Loomis Fruit Growers' Assn.* v. *California F. Exch.*, 128 Cal. App. 265, 281 [16 Pac. (2d) 1040].) It would have been error for the trial court to have attempted to give to its determination any other or further effect than that of a declaratory judgment.

(*City of San Diego* v. *Cuyamaca Water Co.*, 209 Cal. 105, 151 [287 Pac. 475].) Conceding that an injunction ancillary to a declaratory judgment might be proper under some circumstances (*James* v. *Hall*, 88 Cal. App. 528 [264 Pac. 516]), still its issuance should be governed by those considerations which generally control the granting of injunctions. The complaint is utterly devoid of any allegation of those equitable grounds essential to an invocation of this summary, peculiar and extraordinary remedy. (14 Cal. Jur. 261.) The evidence suffers the same deficiency.

It appearing, therefore, that the trial court properly exercised its discretion in denying declaratory relief, the judgment is affirmed.

Cashin, J., and Knight, Acting P. J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on February 1, 1936, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on February 27, 1936.