[L. A. No. 16803. In Bank.—October 25, 1938.]

D. JOSEPH COYNE, as Trustee, etc., Appellant, v. PETER E. SPELLACY et al., Defendants; M. A. SPELLACY, Respondent.

 
 

D. Joseph Coyne, *in pro. per.*, and J. E. Dalton for Appellant.

Anne O'Keefe and Ralph C. Curren for Respondent.

THE COURT.—Plaintiff, as trustee for the collection and disbursement of a fund in which defendants asserted respective interests, brought this action for declaratory relief. He alleged that he had collected and disbursed about $50,000, but that because of conflicting claims of some of the parties he had been unable to distribute the further sum of $1506.36. He prayed that defendants be required to set forth their claims to this sum so that the court might direct its disposal, and also that his own fees, costs, and charges against the fund be determined and ordered paid. Separate answers were filed by the several defendants. Issue was also joined on a cross-complaint filed by defendant M. A. Spellacy, and the cause proceeded to trial. Thereafter the trial court made findings and entered judgment wherein it decreed as follows: That at the commencement of this action plaintiff had in his possession $1506.36, from which fund he paid the shares due certain of the defendants, leaving a balance in hand of $828.50; that of the latter sum plaintiff was entitled to retain $82.85 as a commission, $19.50 for costs of suit, and $150 for attorney's fees, and the remainder belonged $314.27 to defendant M. A. Spellacy, $235.70 to defendant J. D. Thomson, and $26.18 to defendant G. A. Alonzo. These defendants were given judgment against plaintiff for the respective amounts stated. Plaintiff appealed on the judgment roll. Defendant M. A. Spellacy now moves to dismiss the appeal or affirm the judgment.

 Appellant argues two questions. First, he claims that as trustee he expended the sum of $258.46, for which he should have been allowed reimbursement from the trust fund. This expense, he states, was incurred in defending a certain cause of action instigated by defendant Spellacy, through his

assignee Farrington, in the hope of securing, at the expense of the other parties in interest, a larger share of the trust fund than that to which he was entitled. On this issue the trial court found "that the cost and expense of the defense of the suit filed by said Farrington as such assignee plaintiff against the plaintiff herein as defendant, Los Angeles Superior Court File No. 379–597, in the sum of $258.46, is not a proper charge against, or a deduction charge by plaintiff against the funds in his possession, against said M. A. Spellacy". This finding is conclusive. Inasmuch as appellant has presented his appeal on the judgment roll, the presumption is that there was sufficient evidence of a competent character to support the findings. The record contains no showing, in admitted allegations of the pleadings or elsewhere, to overcome the presumption. Neither do we find any inconsistency between the court's general findings as to the truth of the allegations of certain pleadings and its specific findings.

■ Appellant's second complaint is that the trial court erred in entering a personal judgment against him instead of merely directing him as trustee to make distribution of the funds in his possession according to the findings. Assuming that the judgment as entered constituted a personal judgment against appellant, still he has not, so far as the record shows, been prejudiced in any way by the form of the decree. He alleged in his complaint that he was unable to distribute money in his trust because of conflicting claims of the defendants thereto. He asked the court to determine their respective interests and to make an order directing him in the disposal of the fund. The decree as entered accords this relief. Appellant does not suggest that he no longer possesses the money. He could, of course, have deposited it in court, and thus discharged himself from further liability, but he did not do so. All intendments are in support of the judgment where an appeal is taken on the judgment roll, and so far as the record shows the trial court did not err in its full and complete determination of this controversy. ■ Appellant's contention that the court was without jurisdiction to render a judgment for money in a sum less than $2,000 is without merit. Having once obtained jurisdiction, the court properly retained the case and decided the whole controversy

between the parties. (*Silverman* v. *Greenberg, ante,* p. 252 [83 Pac. (2d) 293], and cases therein cited.)

The judgment is affirmed.