[Civ. No. 17205.   Second Dist., Div. One.   Jan. 25, 1950.]

LOUIS GOLDBERG et al., Respondents, v. H. W. UNDERHILL, Appellant.

William Ellis Lady and Gordon Stater for Appellant.

Donald A. Rosen for Respondents.

DORAN, J.—The plaintiff-respondents, a physician and dentist respectively, contracted with the defendant-appellant H. W. Underhill, a licensed architect and contractor, for the construction of an office building. The complaint herein contained three causes of action, and claimed damages resulting from (1) defective plans negligently prepared by defendant; (2) defective construction supervised by the defendant; (3) fraud and misrepresentation in respect to the cost of the proposed building, etc. The trial court found in favor of plaintiffs as follows: $1,000 damages in respect to the first cause of action; $3,000 damages on the second cause of action; $1,000 damages on the third cause of action. The defendant has appealed from this judgment.

The appellant's brief avers that "the plaintiffs did not sustain their burden of proof in any of these respects," and that "Practically all of the plaintiffs' evidence was directly controverted by one or more witnesses on behalf of the defendant." Appellant maintains that "Where an architect draws plans under a written contract, he is not liable for damages allegedly caused by either (a) a decision by the owners arrived at during construction, that they do not like the location of a lavatory or toilet, or (b) a change from the plans necessitated because a certain kind and size of air conditioning unit could not be obtained." It is likewise claimed that a contractor is not liable for damages caused by deviations from the plans ordered by the owners; that an unambiguous written contract cannot be altered "by verbal conversations or alleged verbal agreements occurring prior to its execution." On the issue of fraud, it is claimed that the trial court erred in not permitting the defendant to prove that plaintiffs had actually received in value much more than the amount paid out, and therefore suffered no loss.

The argument that the trial court "seemingly gave more credence to the testimony of the medical profession than to the testimony of these men of the construction trade itself," and that there were "13 expert men who directly and unequivocably refuted the claims of the plaintiffs as to poor

workmanship or poor materials," goes, of course, to the weight and credibility of the evidence �they■ It is fundamental that, where the record discloses substantial evidence in support of the findings, an appellate court will not weigh the evidence or consider whether the trial judge should not, perhaps, have arrived at a different conclusion. ■ That the evidence herein was in conflict as to various points goes without saying; nor can it be denied that the record affords substantial evidence in support of the trial court's findings.

There is evidence, as found by the trial court, to the effect that the defendant architect-contractor, represented that the building would cost less than $12,000 whereas its cost was in excess of $22,000; that the building was not completed within the time as represented; that neither the plans prepared nor the construction thereunder was such as the plaintiffs had a right to expect; that the building was erected in an "unskillful" and "unworkmanlike manner." The many shortcomings include inadequate space for receptionist; inadequate heating and air conditioning system; location of toilet; unsuitable and inadequate doorlocks, electric wiring, soundproofing, plumbing, lighting, etc.

The appellant's argument that there should be no liability because the plans were changed by the owners during construction does not squarely meet the issues here presented, and is without merit in view of the evidence disclosed by the record. In this connection it cannot be forgotten that the defendant here occupied the dual position of architect and contractor.

The same may be said in respect to the appellant's other points, none of which present reversible error. ■ This is particularly true in reference to the trial court's alleged error in permitting the introduction of parol evidence. That such evidence is admissible for the purpose of proving fraud is well established.

In respect to damages, there is likewise evidence which will sustain the trial court's award. ■ Appellant's argument that since there was a difference of $10,000 between the represented cost of the building and the actual cost, a judgment for less than that amount cannot be sustained, "comes," as respondents' brief suggests, "with poor grace, because the defendant, is the one to benefit, and not plaintiffs."

The judgment is affirmed.

White, P. J., and Drapeau, J., concurred.