240 P.2d 61]

[Civ. No. 18637. Second Dist., Div. One. Jan. 29, 1952.]

JOHN M. STALEY, Respondent, v. BOARD OF MEDICAL
EXAMINERS, Appellant.

Edmund G. Brown, Attorney General, and Bayard Rhone, Deputy Attorney General, for Appellant.

William Prather for Respondent.

DRAPEAU, J.—For approximately 20 years plaintiff has been in the business of fitting and selling shoes. In connection therewith he has been manufacturing, recommending and selling corrective shoes and appliances for the human foot, to wit: arch supports. He uses a conventional measuring rule to get the customer's shoe size, and with a pedograph he takes a footprint "to get the curve of the arch." With this information he proceeds to make a "support to fit in the shoe, so the shoe fits better." If the customer is not pleased with the supports, he is free to return them and get his money back.

By his complaint for declaratory and injunctive relief, plaintiff alleges that defendant board has filed a complaint with the office of the city attorney of Los Angeles charging him with a violation of section 2141 of the Business and Professions Code which reads as follows:

"Any person, who practices or attempts to practice, or who advertises or holds himself out as practicing, any system or mode of treating the sick or afflicted in this State, or who diagnoses, treats, operates for, or prescribes for any ailment, blemish, deformity, disease, disfigurement, disorder, injury, or other mental or physical condition of any person, without having at the time of so doing a valid, unrevoked certificate as provided in this chapter, is guilty of a misdemeanor."

Section 2148 of the same code exempts from the operation of section 2141 "the manufacture, the recommendation or the sale of either corrective shoes or appliances for the human feet."

Plaintiff contends that under the terms of section 2148, *supra*, he is permitted to take an impression of customers' feet by means of a pedograph, to suggest the type of corrective shoes or appliances the customers need, to give his reasons therefor, and to point out to customers the manifest abnormalities of their feet in connection with his recommendations and sales of such shoes and appliances without obtaining a license from defendant board.

By its judgment the trial court decreed "that plaintiff has the right to carry on his business of manufacturing, recommending and selling corrective shoes and appliances for the human feet without obtaining a certificate from defendant Board . . . ; that the plaintiff has the right, in carrying on such business, to use a mechanical device known as a pedograph, to read the imprint made by such pedograph and upon the basis thereof, to recommend the purchase by prospective customers of corrective shoes or appliances for the feet of such customers; and in connection with such recommendation, to point out to such customers the manifest abnormalities of their feet and state to them his reasons for making such a recommendation; that such acts by plaintiff shall not be interpreted and construed by defendant Board . . . as a 'diagnosis' in violation of Section 2141 of the Business and Professions Code of the State of California.

"It is further ordered, adjudged and decreed that the defendant Board . . . be and it is hereby permanently enjoined and restrained from:

"(a) interfering with the right of the plaintiff to carry on the business of manufacturing, recommending and selling corrective shoes and appliances for the human feet;

"(b) interfering with the right of the plaintiff in carrying on such business, to use a mechanical device known as a pedograph, to read the imprint made by such pedograph and upon the basis thereof, to recommend the purchase by prospective customers of corrective shoes or appliances for the feet of such customers, and in connection with such recommendation, to point out to such customers the manifest abnormalities of their feet and to state to them his reasons for making such a recommendation;

"(c) from annoying, harassing or threatening to prosecute the plaintiff and from filing and prosecuting criminal complaints against the plaintiff on account of any of the foregoing acts."

Defendant board appeals from the judgment, urging that "The law permitting the recommendation of appliances for the human feet does not directly or by implication authorize the diagnosis of a physical ailment or condition without a license."

In this connection, appellant points out that respondent testified at the trial that he never told his customers what was wrong with their feet, but had them try several samples

of arch supports, and when one was found that was comfortable, he proceeded to make a pair to order. That, on the other hand, one of the investigators for the board testified that respondent told her exactly what was wrong with her feet, to wit: that the trouble was in the heel and a long arch; that the arch slid or rolled forward, causing the feet to be out of line, which was apt to result in backache or some sacroiliac trouble. And that the other investigator testified that respondent told her that her metatarsals were in bad shape and that "whether you know it or not, you are a subject for neuritis because you are injuring the nerves, the nerve endings in your feet, by walking on these metatarsals."

This evidence, says appellant, shows that "respondent did not confine his sales talk to 'a recommendation' but on the contrary attempted to diagnose and tell the investigators of the Board exactly and precisely what was wrong with their feet. In doing so he went beyond the scope permitted by sections 2148 and 2141."

It should not be overlooked that this is a civil proceeding, initiated under section 1060, Code of Civil Procedure, by which respondent seeks a declaration of his rights and duties under sections 2141 and 2148, *supra,* together with an interpretation of the meaning of those sections.

Upon the issues duly joined and heard, the trial court found that section 2148 "specifically exempts from the term 'diagnose' as used in said section 2141, the acts of plaintiff in connection with recommending and selling corrective shoes and appliances." The court then concluded that respondent "has the right . . . to recommend the purchase by prospective customers of corrective shoes and appliances . . . and in connection with such recommendation, *to point out to such customers the manifest abnormalities* of their feet and state to them his reasons for making such a recommendation; that such acts by plaintiff should not be interpreted and construed by the defendant Board as a 'diagnosis' in violation of section 2141 of the Business and Professions Code of the State of California." (Italics added.)

Both sides cite the case of *People* v. *Dr. Scholl's Foot Comfort Shops, Inc.* (1938), 277 N.Y. 151 [13 N.E.2d 750, 753], wherein it was stated: "Clearly the use of the pedograph as a mechanical aid in determining the proper size of the shoe required does not constitute the practice of chiropody. Whether the statements by the salesman, in answer to the

inquiries of the customer, constituted a diagnosis, is a more difficult question. It would be an unreasonable and harsh construction of the statute to hold that it was intended to prohibit shoe salesmen from pointing out to customers the manifest abnormalities of their feet when questions are put to them by the customers. It is clear from the record that the salesman at no time held himself out as being a podiatrist or being able to practice chiropody. On the contrary, he referred the customers to the duly licensed chiropodist. Some of the salesman's remarks may have verged close to a diagnosis, but we should not hold that a mere remark concerning an obvious fact or a loose use of language concerning a manifest abnormality constitutes practicing podiatry.''

Likewise, here, the court held that pointing out a manifest abnormality in a customer's feet does not amount to a diagnosis. The evidence produced on behalf of respondent supports such a finding, even though the testimony of the investigators, if believed, would have supported a different finding.

As stated in *Goldberg* v. *Underhill,* 95 Cal.App.2d 700, 702 [213 P.2d 516] : ''It is fundamental that, where the record discloses substantial evidence in support of the findings, an appellate court will not weigh the evidence or consider whether the trial court should not, perhaps, have arrived at a different conclusion.''

Appellant contends that the injunctive relief here granted is improper. It is pointed out that permanently enjoining the board from interference with respondent's right ''to point out to such customers the manifest abnormalities of their feet,'' prevents the execution of a public statute by officers of the law for the public benefit, which is prohibited by section 3423, subdivision fourth, Civil Code, and section 526, subdivision 4, Code of Civil Procedure.

The judgment among other things, exempts respondent from the operation of section 2141, Business & Professions Code, by virtue of section 2148 of the same code, hereinbefore quoted, and declares that he has the right to point out such manifest abnormalities in carrying on his business of manufacturing, recommending and selling corrective shoes and appliances for the human feet.

The injunction goes no farther than to preserve respondent's right to carry on his business under section 2148, *supra.* It does not restrain appellant from enforcing section 2141. As was stated in *Knox* v. *Wolfe,* 73 Cal.App.2d 494,

505 [167 P.2d 3] : ''In an action for declaratory relief an injunction ancillary to the relief sought is appropriate and may issue to preserve the rights of the parties. (Code Civ. Proc., § 1060; *James* v. *Hall*, 88 Cal.App. 528, 535 [264 P. 516].) Both declaratory and coercive or executory relief may be granted in the same action. (*Coyne* v. *Spellacy*, 12 Cal.2d 284, 286 [83 P.2d 715] ; *Cook* v. *Winklepleck*, 16 Cal. App.2d Supp. 759, 764 [59 P.2d 463] ; *Vaughan* v. *Roberts*, 45 Cal.App.2d 246, 256 [113 P.2d 884].) Future rights may be determined when a declaration of the present and actual controversy is dependent upon an adjudication of such future rights. (*Rolapp* v. *Federal B. & L. Assn.*, 11 Cal.App.2d 337, 341 [53 P.2d 974].) Since the actual controversy in the declaratory relief action was whether respondent was entitled under the terms of the lease to remove the fixtures and equipment from the premises, the court, in addition to declaring the rights of the parties, fittingly proceeded to determine disputed issues of fact (*Tolle* v. *Struve*, 124 Cal.App. 263, 266 [12 P.2d 61]) ; and having assumed jurisdiction of the equitable controversy it rightly administered complete relief and made final disposition of the litigation. (*Zimmer* v. *Gorelnik*, 42 Cal.App.2d 440, 447 [109 P.2d 34].) ''

 Unlike the cited case, injunctive relief was sought in the instant cause and properly granted.

For the reasons stated, the judgment is affirmed.

White, P. J., and Doran, J., concurred.