SAVINGS BANK OF DANBURY *v.* ELIE M.
KARAM ET AL.
(AC 30728)

Flynn, C. J., and Bishop and Alvord, Js.

Submitted on briefs January 8—officially released March 16, 2010

*Christopher G. Winans*, filed a brief for the appellant (defendant 33-35 Beaver Street, LLC).

*Peter N. Buzaid*, filed a brief for the appellee (defendant Nuhad K. Haddad).

*Opinion*

ALVORD, J. The defendant, 33-35 Beaver Street, LLC (Beaver Street, LLC),[1] appeals from the judgment of foreclosure rendered by the trial court. On appeal, Beaver Street, LLC, claims that the court improperly marshaled the assets and ordered the properties to be

---

[1] For clarity, we refer to all defendants by name.

foreclosed in a manner that is inequitable. We affirm the judgment of the trial court.

The following facts and procedural history are relevant to the appeal by Beaver Street, LLC. In May, 2001, the plaintiff, Savings Bank of Danbury, loaned the defendants, Elie M. Karam and Nuhad K. Haddad, $310,000 for the operation of a bakery located at 33-35 Beaver Street in Danbury. The loan was secured by a mortgage on 33-35 Beaver Street as well as a mortgage on Haddad's primary residence located at 13 Well Avenue in Danbury.[2] Later, in an unrelated business transaction, Karam and Haddad executed a second commercial mortgage on 33-35 Beaver Street in favor of Dorrance T. Kelly. It is undisputed that the mortgage to Kelly was subordinate to the plaintiff's mortgage.

In March, 2007, Kelly foreclosed his interest in 33-35 Beaver Street[3] and took possession of the property, which remained subject to the plaintiff's mortgage interest. See *Kelly* v. *Karam*, Superior Court, judicial district of Danbury, Docket No. CV-06-5000684-S. In April, 2007, Haddad and Karam defaulted on their obligations to the plaintiff, and in June, 2007, the plaintiff brought this action seeking to foreclose by sale its mortgages on 33-35 Beaver Street and 13 Well Avenue. The original complaint named Karam, Haddad, Kelly, Galo Corone, Pablo Rivas and World Savings Bank, FSB, as defendants. After the complaint was filed, Kelly quitclaimed his interest in 33-35 Beaver Street to Beaver Street, LLC, and, on August 13, 2007, Beaver Street, LLC, was

[2] The mortgage on 33-35 Beaver Street was executed jointly by Karam and Haddad. The mortgage on 13 Well Avenue was executed individually by Haddad.

[3] The record also reveals that, at the time of the foreclosure, Kelly received $30,000 from Haddad in consideration for Kelly's agreement not to pursue a deficiency judgment against Haddad's home at 13 Well Avenue. We note that the brief of Beaver Street, LLC, failed to disclose Haddad's payment to Kelly, and we pause to remind counsel of his duty of candor to this court.

substituted for Kelly as a defendant. Beaver Street, LLC, and Haddad are the only parties to this appeal.

The parties agreed that the value of 33-35 Beaver Street was insufficient to satisfy the $307,654 debt owed to the plaintiff[4] but disputed the manner in which the foreclosure should be executed. Beaver Street, LLC, sought to retain possession of 33-35 Beaver Street and urged the court to marshal the assets in its favor by ordering a foreclosure by sale of 13 Well Avenue to satisfy the entire debt. Haddad hoped to remain in her home and sought a foreclosure by sale of 33-35 Beaver Street first, followed by a foreclosure of 13 Well Avenue only if necessary. A hearing was held on September 2, 2008, and the court rendered judgment on January 9, 2009. It ordered that a foreclosure by sale of 33-35 Beaver Street proceed first, followed by a foreclosure by sale of 13 Well Avenue, if necessary, to satisfy any remaining debt. On appeal, Beaver Street, LLC, claims that the court improperly marshaled the assets and ordered the properties to be foreclosed in a manner that is inequitable.

"A foreclosure action is an equitable proceeding. . . . The determination of what equity requires is a matter for the discretion of the trial court. . . . In determining whether the trial court has abused its discretion, we must make every reasonable presumption in favor of the correctness of its action. . . . Our review of a trial court's exercise of the legal discretion vested in it is limited to the questions of whether the trial court correctly applied the law and could reasonably have reached the conclusion that it did." (Internal quotation marks omitted.) *Deutsche Bank National Trust Co.* v. *Angle*, 284 Conn. 322, 326, 933 A.2d 1143 (2007).

---

[4] The court found that as of the date of judgment the fair market value of 33-35 Beaver Street was $226,500, and the fair market value of 13 Well Avenue was $360,000.

"The basis of marshalling is that, where one creditor has security on two funds of his debtor, and another creditor has security for his debt on only one of those funds, the latter has a right in equity to compel the former to resort to the other fund, if it is necessary for the satisfaction of both creditors, provided it will not prejudice the rights or interests of the party entitled to the double fund, *nor do injustice to the common debtor*, nor operate inequitably on the interests of other persons." (Emphasis added; internal quotation marks omitted.) *Greenwich Trust Co.* v. *Tyson*, 129 Conn. 211, 227–28, 27 A.2d 166 (1942).

In this case, the court found that a foreclosure of 13 Well Avenue without recourse to 33-35 Beaver Street would do injustice to Haddad. It noted that (1) the nature of the loan was commercial, (2) the lien on 13 Well Avenue, although not structured as such, was intended by the parties as security only to the extent necessary to satisfy the difference between the value of 33-35 Beaver Street and the debt owed to the plaintiff and (3) Haddad already had paid Beaver Street, LLC, $30,000 to protect her home. See footnote 3 of this opinion. Accordingly, we conclude that the court did not abuse its discretion when it ordered the foreclosure of the commercial property to proceed first.[5]

The judgment is affirmed and the case is remanded for the purpose of setting a new sale date.

In this opinion the other judges concurred.

---

[5] Moreover, we note that marshaling generally is inapplicable where both asset funds do not belong to the same debtor. See *Quinnipiac Brewing Co.* v. *Fitzgibbons*, 73 Conn. 191, 196, 47 A. 128 (1900) ("[a]s a general rule . . . before a court of equity will marshal securities between two persons, it must appear (1) that they are creditors of the same debtor, (2) that there are two funds belonging to that debtor, and (3) that one of them alone has the right to resort to both funds"). It is undisputed that 13 Well Avenue does not belong to Karam.